Wash, J.,
delivered the opinion of the Court'.
Hill, brought an action of forcible-entry and detainer against Young, before two Justices of the Peace of Lincoln, county, .and on 24th June, 1833, got a verdict and judgment for the recovery of eighty acres cf land. After the adjournment of the Justices’ Court,.Young made application to the Justices separately at their respective homes, for a new trial, to which they separately assented. On the 12th of July thereafter, the Justices met and granted a new trial, and appointed the 3d of August for the time of trial. On the 20th of July, the Justices issued,a notice to Hill that a new trial-had been granted 5: which notice does not appear, to have been served on Hill.
On the 3d of August the cause was called for trial, and Hill not appearing, judgment of non-suit was entered up against him, also-a-judgment for the costs. On the same 3d of August, Hill filed a bond for the costs with the Cleric of the Circuit Court and obtained a writ of certiorari, which seems not to have been executed. On the 19th of August, 1833, a second writ of certiorari was sued out and served on the Justices. At the September term of the Circuit Court, and on the first day. of the term, the Justices returned the writ, which had beén served on them, and filed a record of their proceedings with the Clerk of the Circuit Court, without connecting the record-, with the writ, or stating-that the record was returned in obedience to the writ. On the first day of the term, the counsel for Young-moved the Circuit Court “ to dismiss said certiorari and proceedings under it, because the Justices of the Peace to whom the said writ was directed, and. on whomvit was served by the Sheriff, have failed to make return thereon.” On the same day the counsel for Hill, regarding the return made by the Juslices as sufficient, proceeded to assign his errors. He moved the Court also for the Justices to have leave to amend their return. It does not appear from the record whether the motion to dismiss the writ of certiorari, or the motion for leave to amend the return, was first made. The motion to dismiss stands first in order in the record, and was sustained, and that to amend overruled. On the following day the counsel for Hill moved the Circuit Court for a writ of mandamus to compel the Justices to make return, See., which was also overruled. The judgment of the Court upon these several motions was excepted to by Hill’s counsel, and Hill appealed therefrom to this Court.
*239 Upon this State of facts, a variety of questions have been raised, which need not now be decided. Such as seem material we will endeavor to dispose of.
It is urged by the counsel for the appellee, that it is to he collected, from the record, that the motion to dismiss- was made first, and when in truth.- no. record or paper purporting to be a return by tile Justices had been filed. The answer to this is, that the Justices had the whole day in which to make their return;, and that the return having been made during the day, he must have been too early with his motion to dismiss. It is also urged that the writ of certiorari being separated from the record of the proceedings before the Justices,, and not referred -to by them as the command under which they make return, of their proceedings, it must he regarded as if it had never been returned. To this it may be answered, that the addition of a word or two by way of amendment,, under the motion for leave to amend, would have obviated the objection and made the r.eturn full and perfect.
The motion to amend was made on the first day of, the term. The writ and the record, by which the Justices might have amended, were in Court, a,id. the motion was improperly overruled.
It is further contended'by the counsel for the appellee, that no appeal lies-but upon a final j udgmebt in. the Circuit Court, upon the merits of the matter in dispute between the parties litigant. A different doctrine has been held-by this Court since the case of Chambers and Astor, which is relied on in support of that,position ; and it is now settled that whatever decision, order or decree of the Circuit Court, puts an end to the proceedings between the parties to the cause in that Court, may be reversed upon appeal or writ of error. This view of the subject makes it unnecessary to notice the motion for a mandamus. In the consideration of this Court, the return by the Justices was good in substance, and sufficient to authorize the Circuit Court to proceed in the cause. The judgment of the Circuit Court is therefore reversed, with costs, and the cause remanded to said.Court to be reinstated and proceeded, incpnformably, with this opinion..