ADAM DEICKHART, Trustee, etc., Appellant, v. ANTOINETTE RUTGERS, Respondent.

1. *Practice, civil — Decree, interlocutory — Power of court to set aside.*— Suit was brought to set aside the forfeiture of certain leases, and for an account of the rents, profits, etc. The court issued a decree entitling plaintiff to redeem the premises on payment to defendant of an amount to be ascertained by a referee, and ordered an account to be taken for that purpose. *Held*, that the decree was not final, but interlocutory, and subject to the control of the court so long as the case properly remained upon its docket awaiting final action, and that it had power, at a subsequent term, to make an order vacating the decree; and, further, that affidavits showing the decree to have been issued without notice, trial, or consent, made a case calling for the exercise of that power.

Deickhart, trustee, etc., v. Rutgers.

*Appeal from St. Louis Circuit Court.*

*Beal & Moody*, and *Krum, Decker & Krum*, for appellant.

I. A decree is final where it decides and disposes of the whole merits of the points in issue, although it directs a reference. (1 Barb. Ch. 330 ; 2 Daniels' Ch. 1001, 1010 ; 1 Cow. 691.)

II. A judgment, if erroneous, may be set aside during the term ; but after the term no alteration of the judgment is allowable, except such as is authorized by statute of jeofails and amendments. (4 Mo. 228, 315 ; 7 Mo. 320.)

III. Where the record shows that the parties appeared by attorneys, it is never allowable to contradict the record by affidavit that the parties did not appear. (Weber v. Schmeisser, 7 Mo. 600, 601 ; 4 Mo. 228 ; Ramsey v. Goodfellow, 7 Mo. 594 ; Latrielle v. Dorlique, 35 Mo. 237.)

*Glover & Shepley*, for respondent.

I. The order made January 29, 1867, was an interlocutory order. (Seaton's Forms, 2 ; Jacques v. M. E. Church, 17 Iowa, 548 ; Cooke v. Gilpin, 1 Rob., Va., 20 ; Dunbar v. Woodcock, 10 Leigh, 628 ; Mackey v. Bell, 2 Munf. 523.) A decree which appoints a commissioner and requires him to report is not a final decree. (Garrard v. Webb, 4 Porter, 73.) A decree that leaves anything to be done to render it certain and effectual is interlocutory. (Hays v. Mays, 1 J. J. Marsh. 497 ; Travis v. Waters, 1 Johns. Ch. 87 ; Johnson v. Everett, 9 Paige, 636 ; Price v. Nesbitt, 1 Hill. Ch. 445.)

II. The court has power over the interlocutory order as long as it has any power over the cause. (Hays v. Mays, *supra.*) "An interlocutory order is always under the control of the court rendering it." (Thompson v. Peebles, 6 Dana, 387 ; Ogle v. Lee, 2 Cranch, 33 ; Ashley v. Glasgow, 7 Mo. 320 ; Doss v. Tyack, 14 How. 297.)

CURRIER, Judge, delivered the opinion of the court.

The plaintiff filed his petition in equity for the purpose of having the forfeiture of certain leases therein described set aside,

and for an account of rents and profits, etc. The answer put in issue the equity of the petition.

On the 29th day of January, 1867, the court made a decree as follows: "Now, at this day, come the parties by their attorneys; and the court, having heard the proofs and arguments of the counsel, doth find that the plaintiff is entitled to redeem said premises from said forfeitures on payment to the defendant, or into court for their use, the amount to be ascertained by an account to be taken; and it is ordered that this cause be referred to R. E. Rombauer, Esq., to take and state an account between the parties hereto, and to report to this court the balance of account which may be found to be due to either party, for the further action of this court."

Subsequently another referee was appointed, who heard the cause, and whose report was affirmed February 6, 1868. On the 21st of March of the same year, the defendant moved the court to "set aside the interlocutory judgment, as appearing to be entered of record on the 29th day of January, 1867, because the same was irregular, no trial having ever been had or evidence presented in said cause since the reversal of the same on the 25th day of January, 1867, nor any agreement on the part of the defendant or her counsel for any such judgment, or notice or knowledge of any such judgment having been rendered." Affidavits were filed in support of the motion, as also in opposition to it. On the 28th of the same month the motion was considered and sustained, and the decree of January 29, 1867, ordered to be set aside and held for naught.

October 5, 1868, the plaintiff filed a motion to set aside this vacating order, and for judgment on the referee's report. January 26, 1869, the motion was considered and sustained, and judgment for the plaintiff rendered upon the report for $1,574.07; the court holding as "matter of law that the order of the court made on the 29th day of January, 1867, was binding and conclusive in the case, and for that reason was erroneously set aside, and for the reason above that said decree or order was so deemed conclusive as against the defendant." The court acted solely on the record, no extraneous proof being submitted on either side.

Deickhart, trustee, etc., v. Rutgers.

This action of the court was duly excepted to and the cause appealed to the general term, where the judgment of the court at special term was reversed and the cause remanded. The plaintiff thereupon appealed to this court, and brings the case here for review.

No question arises upon this record affecting the merits of the cause as presented by the pleadings. The defendant insists that she has had no hearing or trial upon the main issue in the case; that the order or decree of January 29, 1867, was made without notice, trial, or consent. For that reason the decree was set aside at a subsequent term of the court; in fact, after several terms had intervened. The main question now presented is, had the court, in March, 1868, power to vacate and annul the decree made January 29, 1867? That depends upon whether the decree is to be considered and treated as final in its character and effect, or as only interlocutory. If it was interlocutory merely, it was under the control of the court so long as the case properly remains upon its docket. But if it was final, then the court had no control over it (except for irregularities) beyond the term at which it was rendered.

In considering this subject, it may be remarked that obviously there could be but one "final" decree in the case. It is equally apparent that the decree under consideration did not make a final disposition of the case. A reference was ordered for the purpose of ascertaining facts preliminary to a decree which should finally dispose of the suit and conclusively settle rights of the parties. These facts were to be reported as a basis of further action on the part of the court, and the decree so declares. But a decree is not final unless it decides and disposes of the whole merits of the litigation, and reserves no further questions or directions for the future judgment of the court, and so that it will be unnecessary to bring up the case again for the final decision of the court. (2 Daniels' Ch. 1010, note 1, and the cases there cited.) It is said, however, that a decree may be final although it directs a reference, provided all the consequential directions depending upon the results of the report are contained in the decree, so that no further decree will be necessary, upon the

confirmation of the report, in order to give the parties the entire and full benefit of the prior decision. (Mills v. Hoag, 7 Paige, 18.) But that is manifestly not this case. Here there was to be further action on the coming in of report, and not till then were the rights of the parties to be finally and definitely fixed and adjudicated.

. The decree, then, was not final; and not being final, it was only interlocutory (Seaton's Forms, 2), and an interlocutory decree is always under the control of the court rendering it. (Hays v. Mays, 1 J. J. Marsh. 497.) A court may at any time reverse an interlocutory decree. (Ogle v. Lee, 2 Cranch, 33.)

In Mackay v. Bell, 2 Munf. 523, it was held that a decree, though deciding the right to the property in controversy, and awarding the costs of suit, was nevertheless only interlocutory, if commissioners were appointed to carry it into effect, and the court had still to act upon their report.

In Thompson v. Peebles, 6 Dana, 391, the court made a decree directing the defendant to convey, on or prior to the first day of the next term, the deed to be acknowledged and produced in court at the final hearing, the question of costs and other matters being reserved until that time; and it was held that this was not a final decree settling the rights of the parties, but interlocutory only, subject to being set aside at any subsequent term of the court. The decree in that case was set aside some four years after its original entry. (See Jacques v. M. E. Church, 17 Johns. Ch. 548.)

Our conclusion is that the decree of January 29, 1867, was not final, but interlocutory merely, and that it was consequently subject to the control of the court so long as the case properly remained upon its docket awaiting final action. The vacating order of March 28, 1868, therefore was warranted so far as it involved a question of power; and the evidence made a case calling for the exercise of that power.

From this it follows that the order and judgment, subsequently entered on the 26th day of January, 1869, were erroneous, being based upon the mistaken assumption that the decree of January 29, 1867, was conclusive, and beyond the control of the court to

vacate or amend after the lapse of the term during which it was made. This decree had been vacated and set aside. It was of no force, and should have been disregarded; but it was treated as a valid subsisting decree, and governed the action of the court. This was error.

Some other points have been discussed, but it is not deemed necessary to advert to them. The views already presented deter- mine the disposition to be made of the case.

The judgment of the court at general term must be affirmed. Judge Bliss concurs. Judge Wagner absent.