STATE, FRANK R. AUSTIN AND FRANK P. CORCORAN, PROSECUTORS, v. THE CITY COUNCIL OF ATLANTIC CITY, AND ROBERT M. HUNTER.

1. Remonstrants against granting licenses to keep inns and taverns may present special facts affecting the jurisdiction of the city council under the charter, and, if refused a hearing at a time and place within the discretion of the council, such facts may be shown on *certiorari*, to defeat licenses granted.

2. A deed for lands to many persons for a single consideration, and with the purpose of qualifying them to sign recommendations for inn and tavern licenses, is fraudulent, and will not constitute them reputable freeholders within the statute.

---

On *certiorari* to set aside licenses to keep inns and taverns in Atlantic City.

Argued at November Term, 1885, before Justices SCUDDER and REED.

Austin v. Atlantic City.

For the prosecutors, *J. J. Crandall* and *J. W. Wartman.*

For the defendants, *Slape & Stephany.*

The opinion of the court was delivered by

SCUDDER, J.   The prosecutors, citizens of Atlantic City, acting for themselves and representing, by request, many citizens of that place, presented a remonstrance to the city council against the application for license to keep an inn and tavern made by the defendant Robert M. Hunter, and others, whose names appear in the several writs that have been allowed, bringing up the same questions.

This city council have the exclusive right and power of licensing inns and taverns within said city in every particular, as is done by the Court of Common Pleas of the several counties under the general law.   *Pamph. L.* 1866, *p.* 320, § 10.

On the presentation of these applications specific charges were made in remonstrances against the recommendations purporting to be signed by the names of twelve or more persons, for the purpose of obtaining license. These recommendations, by the terms of the statute concerning inns and taverns, which governs in this case, must be signed by at least twelve reputable freeholders of the city.   It was objected in the remonstrances that the names of the persons were not subscribed to the recommendations by themselves, but by others, and that this was apparent in many of the signatures which were written by the same hand ; and that the persons named were not reputable freeholders within the words and intent of the statute.

The prosecutors had the right of petition and remonstrance to the city council who were about to act judicially in a matter affecting the public peace, good order and proper government of the city according to the laws of the state.   They have also the right to redress for any wrong that was done them and the public by the disregard of, or refusal to consider their remonstrance, followed by an usurpation of authority which the council did not possess.   *Ferry* v. *Williams,* 12 *Vroom* 332.   If the facts stated in the remonstrance were true they

controlled the jurisdiction of that body, and it was without power to act in the granting of license. It was the duty of council then and there to inquire into the truthfulness of the particular charges made and call for proofs, if it could be conveniently done, or appoint a proper time, in their discretion, for such examination. *Dufford* v. *Nolan,* 17 *Vroom* 87. If the remonstrants, acting in good faith, are refused a hearing, and the council act without examination of the charges made against the legality of the application for license, it will be at the peril of revocation by review in this court.

All that appears in the testimony that has been taken is that the remonstrance was presented to council, it was read before the license was acted on, and the license was granted. That the council would have discovered, if they had heard the remonstrants, appears by the affidavits that have been taken under the rule of court granted on the allowance of the writ of *certiorari.* It is shown that the signatures to the recommendation were in some cases made in the same handwriting, evidently by the same person, and were not genuine. No effort was made on the part of the applicant to prove that the signatures were made by the authority of the persons whose names were signed. This is not the responsible, individual certification required by law.

It is further charged in the remonstrance presented to council, and is established by the proofs taken, that some of those who recommended the applicants for license were not reputable freeholders of the city. Twelve such are required by the statute to certify to the proper qualification for such license, but they are not found in this case, or any of the others.

There is force in the word "reputable," used in our statute, in its application to some of the signers to this petition. They may be called freeholders, but the only title they hold to land is found in a deed, dated May 28th, 1884, from one James M. H. Dunn and wife to fourteen hundred and sixty grantees, by name, residing in Pennsylvania, New York, New Jersey, and elsewhere, all tenants in common of five acres of salt marsh land within the limits of Atlantic City, conveyed to

them for a single consideration of $175. It was prepared by an association for the purpose of furnishing names of freeholders to all who desired to make application for licenses in Atlantic City, if they were needed, and is an attempted fraud to defeat the purpose of the law. Persons who will lend themselves to such a scheme are not the reputable freeholders whose certificate will be received by any legal tribunal intrusted with the responsible duty of controlling the sale of intoxicating drinks, as satisfactory recommendation of good repute for honesty and temperance of one who seeks a license to keep an inn and tavern. A like attempt was made to impose on the excise board of the city of Elizabeth, and was condemned by this court in *Smith* v. *Elizabeth,* 17 *Vroom* 312.

This case, and others presented by proofs similar in all important points, are within the rulings of this court in the cases above cited, and the resolutions of council granting the licenses, and the licenses themselves, are all without jurisdiction and void.

Costs will be allowed the prosecutors, including costs of printing.