# St. John, *et al. v.* Richter, *et al.*

## *Certiorari.*

(Decided April 7, 1910.   52 South. 465.)

1. *Certiorari; Return.*—The return to a writ of certiorari should be made as required, or sufficient reason shown for not doing so before dismissing the petition for certiorari or quashing the writ issued therefor.

2. *Same; Petitioner; Individual Interest.*—One who is a petitioner for the election and a party to the proceedings in the probate court by which the election was ordered and called, and by which the result was declared has such an interest in the subject matter as to authorize him to apply for a writ of certiorari to quash a subsequent order of the probate judge setting aside and annulling the former proceedings without notice to him.

3. *Appeal and Error; Moot Question; Reversal Without Remandment.*—Although the court was in error and its judgment will be reversed for quashing certiorari and dismissing the writ therefor, yet where further prosecution of certiorari has been rendered useless by the operation of an intervening law the cause will not be remanded for further proceedings.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

F. E. St. Johns applied for a writ of certiorari to bring up for review and to quash an order of the probate court setting aside and annulling former orders made in that court calling an election and declaring the result against the sale of liquor in Cullman county. Before return was made to the writ of certiorari and before any reason shown for not doing so, the court on motion

[St. John, et al. v. Richter, et al.]

of Richter, and others, quashed the writ and dismissed the certiorari. From this order the petitioner appeals. Reversed but not remanded for reasons stated in the opinion.

J. B. Brown, for appellant. The appellant was a proper party to bring certiorari.—*City Council of Montgomery v. Walker,* 45 So. 586; *Clark v. Jack,* 60 Ala. 272; 25 N. W. 887; 63 Miss. 308; 30 Atl. 529; 45 Barb. 164; 7 Lans. 467; 25 Atl. 657; 32 Tex. 331; 23 South. 107; 27 Pac. 413. The court therefore erred in dismissing and quashing the certiorari on the ground that petitioner had no interest in the subject-matter. The court also erred in dismissing and quashing the proceedings before a return to the writ had been made or entered and should have required the same to be done or good reasons shown for not doing it.—4 Enc. P. & P. 212 and 213; 21 How. Pr. 149; 21 Ark. 254; 4 N. J. L. 45; 5 N. J. L. 826; 36 N. J. L. 499; 3 Mo. 377; 33 Ark. 117; 4 Ill. App. 180; 50 N. W. 200; *Perrymon v. Burgester,* 6 Port. 99.

George H. Parker, for appellee. No such interest is shown in petitioner as authorized him to bring this action.—*Talladega Co. v. Thompson,* 16 Ala. 134; s. c. 18 Ala. 694; *Keenan's Case,* 21 Ala. 558; *Kresswell v. Green County,* 24 Ala. 282; *Benton v. Taylor,* 46 Ala. 388; *Ex parte Strobach,* 49 Ala. 443; *Miller v. Jones,* 80 Ala. 89; *Independent P. Co. v. Am. P. Assn.,* 102 Ala. 483; 4 Enc. P. & P. 162-3 and 240; Harris on Certiorari, sec. 2; 67 Ia. 702; 63 Miss. 204; 37 Mo. App. 338.

MAYFIELD, J.—Appellant was one of a great number of resident citizens of Cullman county who signed and filed with the probate judge of that county a peti-

tion praying that the probate judge call an election, in said county, to determine whether the sale of intoxicating liquors should be prohibited in that county, under the provisions of the local option statute of February 26, 1907, embraced in sections 492-511 of the Code of Alabama. The election was accordingly ordered by the probate judge, and was held in accordance with such order and the statute authorizing it, and resulted in a majority against the sale of intoxicants. The returns of the election were duly and properly made, and canvassed, and the result was declared and certified as required by the statute. On the 1st of January, 1908, the appellee, who was also a resident citizen of said county, and who owned and operated a saloon in said county, filed with the probate judge a petition praying that the former order of the judge calling the election, and all subsequent proceedings had thereunder, be set aside and held for naught, on the grounds: (1) That the local option law under which the election was ordered to be held was void; and (2) that it had been repealed by the subsequent statute known as the state-wide prohibition act. The probate judge granted the petition of Richter, and set aside his former orders, declaring the election and all the proceedings held thereunder void and of no effect. This appellant then applied to the judge of the Eighth judicial circuit (which circuit includes Cullman county) for a common-law certiorari to quash the proceedings of the probate judge in setting aside the election as prayed in the petition of Richter. The circuit judge ordered the writ to issue, in accordance with appellant's petition, directing the probate judge to send up to the circuit court, for the consideration of that court, a full and complete record of the proceedings had before such probate judge. The petition for the writ of certiorari recites, among other things: "That said pe-

tition (for the election) was signed by your petitioner,. who is a qualified voter of said county, and 1,249 or more other qualified voters of said county, as is shown on the face of said order, a copy of which is attached under 'Exhibit A,' and made a part of this petition." Exhibit A, which is the order calling the election, recites the following, among other facts: "On this the 1st day of November, 1907, comes F. E. St. John and files in this court, the following petition, purporting to be signed by 1,930 qualified voters of Cullman county, to wit. * * * After having filed and duly considered said petition, and after the names of the persons who are not qualified voters have been eliminated or stricken from said petition, the court finds that the petition is signed by 1,250 qualified voters of this county." The probate judge, though served with the writ of certiorari, made no return thereto. The petitioner (appellant) then made several unsuccessful attempts to have the circuit court compel the probate judge to make his return of the proceedings as directed by the writ. Before any return was ever made by the probate judge to the writ, the appellee and the probate judge moved the court to dismiss and qaush the proceedings for certiorari, assigning many grounds in support of the motion. The circuit court granted the motion and dismissed the petition for certiorari, and quashed the writ theretofore issued by the circuit judge, taxing the appellant with the costs of the proceedings, and from that judgment this appeal is prosecuted.

A return to the writ of certiorari issued should have been made or required, or an adequate reason shown why it was not made, before dismissing the petition or quashing the writ. The proper rule and practice in such cases has been thus stated: "The return is a prerequisite to any review to be undertaken by the court

out of which the writ issues; and, until it is made, the court will not render any judgment or make any order except for the purpose of enforcing obedience to the writ and compelling the making of a return."—4 Ency. Pl. & Pr. p. 212, par. 2; *People v. McCraney,* 21 How. Prac. (N. Y.) 149. "Although it is the duty of the officers to whom the writ is directed to prepare their return, and although they may be compelled summarily to make a return, yet it is incumbent upon the prosecutor of the writ, rather than the adverse party to him, to see that the return is made, and to invoke the aid of the court to compel the compliance with the mandate of the writ." —4 Ency. Pl. & Pr. p. 213, par. 4; *Derton v. Boyd,* 21 Ark. 264; *Bannister v. Allen,* 1 Blackf. (Ind.) 414; *State r. Gibbons,* 4 N. J. Law, 45; *State v. Trenton,* 36 N. J. Law, 499; *Dean v. Wade,* 5 N. J. Law, 719. "The return should not be made later than the day on which the writ is returnable, though it may be made at any time during such day, in the absence of statutory provisions to the contrary."—4 Ency. Pl. & Pr. 213, par. 5; *Hill v. Young,* 3 Mo. 337.

The return of the writ to the court is essential to the court's jurisdiction to review. The application for the writ is often made (as in this case) to the judge in vacation, and not to the court, and the writ in such case is issued by the judge, and not by the court, though it is made returnable to the court; and, until a return is made, the court—as distinguished from the judge as such—acquires no jurisdiction of the subject-matter or controversy.

The circuit court quashed the writ and dismissed the proceeding (as shown by this record) upon the ground that the petitioner had no such interest in the subject-matter as would entitle him to the writ of certiorari; that he had no such individual interest in the subject

which was so affected by the proceedings in the probate
court sought to be quashed as would authorize him to
apply for the writ of certiorari.

In this the circuit court was likewise in error. It is
true that the party applying for a writ of certiorari
must show that he has a personal interest in the subject-
matter, and not a mere public interest, in common with
the general public.—Harris on Certiorari, p. 4, § 2. The
complete answer to this contention of appellee, and up-
on which the trial court acted, is that this appellee—
the party who applied for the certiorari—was a party
to the proceeding in the probate court, by which the elec-
tion was ordered and held, and by which the result was
declared. He was a party to the record and proceedings
which the probate judge subsequently set aside and an-
nulled; and he, in consequence of being such a party to
the record and proceedings, had such an interest therein
as authorized him to apply for a certiorari to quash and
vacate the second order made by the probate judge if it
was void, as he alleged in his petition for a certiorari.

The second order, setting aside and annulling the for-
mer proceedings, was had and made without any notice
to him who sought and obtained the first order. He may,
in a proper case, obtain a certiorari, to cancel the sec-
ond order or judgment if it be absolutely void—as in
his petition it is alleged to be.—*Starkweather v. Seeley,*
45 Barb. (N. Y.) 164.

It has been held that a citizen or qualified voter, who
appears in a proceeding only for the purpose of showing
cause why a third party should not obtain a license to
sell intoxicating liquors, if authorized by law so to ap-
pear and contest the right of such third party to so ob-
tain a license, has such interest in the granting of the
license that he can maintain certiorari to review the ac-

tion of the board granting the license.—*McCreary v. Rhodes,* 63 Miss. 308.

It has likewise been held by the Supreme Court of New Jersey that citizens of a municipality, who protest against the action of the board of mayor and aldermen in granting a right of way to a street car company, are authorized to obtain a certiorari to review the orders granting the right of way.—*State v. Borough of Neptune,* 57 N. J. Law, 362, 30 Atl. 529. This last case followed the case of *Middleton v. Robbins,* 54 N. J. Law, 571, 25 Atl. 471, which was a proceeding, like this, to test the validity of an election, which probably lays down the proper rule, and which determines the right of appellant in the case at bar, to obtain certiorari. The court in that case says: "It has been settled in the Supreme Court, when a citizen has appeared as a remonstrant against the granting of a license, and notwithstanding such remonstrance the license has been granted, such citizen can test the legality of such license by certiorari.—*Dufford v. Nolan,* 46 N. J. Law, 87; *Austin v. Atlantic City,* 48 N. J. Law, 118, 3 Atl. 65. Both these cases were cited in the opinion delivered in the (*Traphagen*) case, in support of the doctrine that, to entitle a person to appear as a prosecutor, he must suffer a special injury. These cases were presented as instances where there existed a special interest in the event, which entitled the remonstrant to a writ. Now, if a remonstrating citizen has an interest which entitles him to the use of the writ to test the legality of a license, I cannot perceive why an objecting citizen has not the same right to test the legality for an order for an election which involves exactly the same matter. The statutes in both instances contain certain provisions for the appearance and objections of citizens. In both instances the proceedings involve a matter of public policy of kin-

[Schulte v. Wilke.]

dred nature. And I think it unquestionable that in both instances the citizen who, by direction of the statutes, comes in and interposes his objection, becomes a party to the proceeding and is thereby invested with a peculiar interest which inheres in a party."

It follows that the circuit court erred in dismissing the certiorari, and the judgment is reversed; but as the state-wide prohibition law is now in force, and has been sustained by this court, a further prosecution of this suit would be in vain and useless and of no possible benefit to either the parties or the public, and the cause will not be remanded.

Reversed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.