ARENA BROCKMAN, Appellant, v. ISAAC WEBB, Respondent.

Kansas City Court of Appeals, May 24, 1915.

PROBATE COURT: Appeal: Order Setting Aside Judgment. A probate court rendered judgment of allowance of a claim against an estate. Afterwards the court set aside that judgment on the motion of the administrator. The plaintiff appealed to the circuit court where the appeal was dismissed on the ground that no appeal was allowable from an order setting aside a judgment. *Held,* error.

Appeal from Miller Circuit Court.—*Hon. J. G. Slate,* Judge.

REVERSED AND REMANDED.

*John B. Smith* for appellant.

*Robert P. Stone* for respondent.

ELLISON, P. J.—This cause originated in the probate court. It was appealed to the circuit court and in the latter court, on defendant's motion, the appeal was dismissed. Plaintiff thereupon appealed to this court.

It appears that plaintiff presented a claim to the probate court against the estate of Mary Webb, defendant being administrator of such estate. Afterwards, by written agreement of the attorneys for the parties, the probate court allowed $100 of the claim and entered judgment for that amount. It seems that an applica-

tion to sell real estate was made to obtain funds wherewith to pay the judgment. Resistance was made to this by the administrator. The foregoing proceedings seem to have taken place in the years 1911 and 1912.

Defendant, claiming that, under section 2121, Revised Statutes 1909, he had a right within three years to attack the judgment for irregularity, came in at the March, 1914 term of the probate court, and filed a motion asking that the aforesaid judgment of allowance of $100 be set aside for reasons therein stated. At the May, 1914 term of the probate court, plaintiff filed a motion to strike out this motion "and dismiss the same." Plaintiff's abstract does not show what disposition was made of the latter motion. Then, at the same term of the probate court, defendant's motion to set aside the judgment of allowance filed at the March term came on for hearing in the probate court and it was sustained. Thereupon plaintiff appealed to the circuit court.

In the latter court the abstract recites that the cause was submitted to the court upon the record and it was "adjudged that the appeal from the probate court be dismissed." Plaintiff then appealed to this court as stated at the beginning.

We think it was error to dismiss the appeal. Defendant says that the only right of appeal from the probate court to the circuit court is found in section 289, Revised Statutes 1909, and that that section does not authorize an appeal from the judgment of a probate court setting aside a judgment rendered by that court. Passing by this position without decision, we find that that section is not the only statute on appeals from the probate court. Under the title "circuit courts," section 3956, fourth subdivision of the statute, an appeal lies from the judgments and orders of the probate court to the circuit court "in all cases not expressly prohibited by law." In this case the probate court had rendered a judgment of allowance of a de-

mand against an estate. Afterwards the administrator filed a motion to set aside and annul such judgment and it was so ordered by the probate court. We think it clear that an appeal lies to the circuit court in such instance. [Coleman v. Farrar, 112 Mo. 54, 72; Stanton v. Johnson's Est., 177 Mo. App. 54.]

The judgment is reversed and the cause remanded. All concur.