## In re PETER GEORGE WOODS ESTATE.
### MARGARET D. WOODS and RICHARD H. WOODS, Executors, Appellants, v. NANCY M. YARNELL, Respondent.*

In the Kansas City Court of Appeals, May 5, 1924.

1. **APPEAL AND ERROR: Judgment: Order of Probate Court Refusing to Continue Time for Filing Final Settlement of Executor Held not a Final Judgment or Order from Which an Appeal was Allowable.** Section 2436, Revised Statutes 1919, governing appeals from probate court to circuit court allows appeals only from final judgments and orders of probate court, and order of probate court refusing to extend time to executor for filing of final settlement of estate, not being a final judgment or order, was not appealable as such an order did not determine the merits of the controversy or the rights of the parties.

2. **COURTS: Discretion: Matters Left to Absolute Discretion of Court are not Appealable.** Decisions on matters left to the absolute discretion of probate court are not appealable.

*Headnotes 1. Appeal and Error, 3 C. J., Section 406; 2. Appeal and Error, 3 C. J., Section 411; Courts, 15 C. J., Section 443.

Appeal from Circuit Court of Morgan County.—*Hon. Henry J. Westhues,* Judge.

AFFIRMED.

*John A. Blevins* for appellants.

*John J. Jones* and *Roy D. Williams* for respondent.

217 Mo. App.—17.

BLAND, J.—This is an appeal from an order of the circuit court dismissing an appeal taken by the appellants from an order of the probate court of Morgan county refusing to extend the time for final settlement of the estate of Dr. Peter George Woods, deceased. The petition of the executors, the appellants herein, asking for a continuance from the February term, 1923, to the May term, 1923, of the probate court is in part as follows:

"That said estate is not ready nor in condition for final settlement.

"That there are unadministered personal assets belonging to said estate which will in due time be collected for the benefit of said estate; that the special bequest to Herbert Spencer Woods, provided for by the will of the deceased, has not been paid.

"Your applicants further represent and state that because of the scarcity of money for investment in real estate, and the prevailing market conditions which have existed and now exist they have not had proper time to comply with the provisions of the will of the deceased, and have not been enabled to sell and dispose of the real estate belonging to said estate, as by said will and the expressed wishes of the testator they are directed to do; that they wish to fulfill the desire of the testator with respect to said real estate and will endeavor so to do; that the income therefrom is being collected, conserved and used for the benefit and preservation of said estate, and that the taxes and insurance premiums are all paid to date; that it was manifestly the desire of the testator that his property should be disposed of without sacrifice in value if possible, and that they have endeavored to comply with the said expressed wishes of the testator, but for the reasons herein assigned have been unable to do so.

"Said executors state that they are endeavoring to increase the income of said estate.

"Your applicants further state that the deceased, Dr. Peter George Woods, by the terms of his will, par-

ticularly asks that the court shall grant extensions of time for the reasons and purposes aforesaid.''

We think that the court properly dismissed the appeal from the probate court. There is no contention that an appeal of this kind is provided for in section 282, Revised Statutes 1919, governing appeals from the probate court to the circuit court. This section provides for fifteen instances in which such appeals may be taken. The appellants claim that they had the right to appeal under section 2436, Revised Statutes 1919, providing that circuit court shall have—

''. . . Appellate jurisdiction from the judgments and orders of county courts, probate courts and justices of the peace, in all cases not expressly prohibited by law, and shall possess a superintending control over them, and a general control over executors, administrators, guardians, curators, minors, idiots, lunatics and persons of unsound mind.''

But it has been frequently held that this section does not allow appeal except from final judgments and orders of the probate court. [Coleman v. Farrar, 112 Mo. 54, 72, 73; State ex rel. v. McQuillin, 246 Mo. 586, 595; Haines v. Cass County Court, 135 Mo. App. 108, 113, 114; In the Matter of Crouse, 140 Mo. App. 545, 551; In re Estate of Rooney, 163 Mo. 389.] In the last case the St. Louis Court of Appeals seems to unduly restrict the operation of section 2436 but the conclusion reached in that case is undoubtedly correct.

Appellants cite the case of Brockman v. Webb, 189 Mo. App. 475, and Stanton v. Johnson Estate, 177 Mo. App. 54. In the Brockman case it was held that an order of the probate court setting aside a judgment allowing a claim against an estate was appealable under section 2436. Of course, such an order was a final judgment. It was a final determination of the rights of the parties in the controversy. The same may be said of the Stanton case, which was a case where the probate court had refused to order a guardian of an insane person to return

the purchase money fraudulently received from a purchaser at a sale of the ward's personal property. The order of the probate court in the case at bar in refusing to continue the annual settlement until the next term of court was not a final judgment or order. ''. . . a judgment, order or decree is not final or appealable, unless it determines the merits of the controversy, or the rights of the parties, and leaves nothing for future determination.'' [3 C. J. 443; Hill v. Young, 3 Mo. 337; Deickhart v. Rutgers, 45 Mo. 132; Tamblyn v. Lead & Zinc Co., 161 Mo. App. 296; Baker v. City of St. Louis, 189 Mo. 375; Moran v. Stewart, 246 Mo. 462, 471.] It is expressly held that there can be no appeal from the refusal of the court to grant a continuance. [1 Black on Judgments (2 Ed.), p. 35.]

Section 229, Revised Statutes 1919, provides that if the executor or administrator fails to make final settlement at the time therein mentioned or when required by the court at any time thereafter ''he shall be proceeded against as for his failure to make annual settlement unless for good cause the court shall continue the same.'' The subject of annual settlements is covered in sections 215 to 219, inclusive, Revised Statutes 1919. Section 219 provides for a fine and revocation of letters or merely a fine for the refusal of executors to make final settlement unless they show cause why the settlement should be continued.

It is quite apparent from the provisions of these statutes that the order of the probate court refusing the application of the executors for a continuance was not a final order. If the court persisted in refusing to grant to the executors time for the selling or disposition of the real estate mentioned in the application for the continuance, they could have refused to make a final settlement and stood the consequences provided in section 219, which provides for a fine and revocation of letters or a fine only, and had their letters been revoked, section 282, Revised Statutes 1919, expressly gives the right of appeal. Be-

fore imposing a fine or revoking the letters (if not subsequently thereto) the court could have changed his mind about granting a continuance, and having that power, of course, his order refusing the continuance was not final in its effect. [Deickhart v. Rutgers, supra.]

It is insisted that the order of the probate court refusing to grant the continuance was appealable on the ground that it was done arbitrarily and in abuse of his discretion. The evidence shows that the court refused the continuance without hearing any evidence. Some cases hold that where a matter is addressed to the discretion of the court, which is not absolute but merely a legal discretion, there is an appeal for the purpose of reviewing the question as to whether there was an abuse of discretion affecting a substantial right of the party complaining (3 C. J. 472), but we apprehend that an appeal even in such cases must be from a final judgment or order. In this State decisions on matters left to the absolute discretion of the probate court are not appealable. [State ex rel. Grover v. Fowler, 108 Mo. 465, 470.] We are not forced to the necessity of holding that the granting or refusing of the continuance by the probate court in the case at bar was a matter entirely within his absolute discretion, but put our decision upon the ground that his order refusing to grant the continuance was not a final order.

The judgment is affirmed. All concur.