GEORGE BODEN, GUARDIAN, ETC., RESPONDENT, v. JOSEPHINE B. JOHNSON, APPELLANT.*

Kansas City Court of Appeals. January 6, 1930.

*Corpus Juris-Cyc. References: Accounts and Accounting, 1CJ, section 140, p. 647, n. 84; Appeal and Error, 3CJ, section 128, p. 372, n. 53; section 256, p. 433, n. 7; section 258, p. 443, n. 59; section 268, p. 451, n. 7.

*McAllister, Humphrey, Pew & Broaddus* and *Andrew Ellison* for appellant.

*Thos. E. Deacy* and *Jacobs & Henderson* for respondent.

BOYER, C.—This case presents the strange anomaly of a minor son, thru his guardian, seeking to compel equity at the hands of his mother. In the light of the facts, the mystery is not entirely obscure. Unfolding the record the following is revealed.

George and Josephine Boden were at one time legally man and mate. Eventualities brought two children, Frederick G. and Loretto, to bless (?) the union. Some time thereafter and about the year 1920, the sea of matrimony became rough and an ill-wind, or a bad squall, blew them on the reefs of separation. George Boden sought and obtained a decree of divorce from his wife, Josephine, January 22, 1921, presumably upon the ground that he was the innocent and injured party. While husband and wife and prior to the divorce, these two parties entered into a property-settlement contract. Shortly after the divorce the late wife, Josephine, concluded that it was all wrong and instituted a suit to set aside the decree, and also a suit to cancel the property contract. Thereafter and on October 6, 1921, George Boden and his former wife Josephine, who is appellant herein, entered into a new contract to take the place of the old, and, by the terms of which it was agreed that her suits should be dismissed and "that the decree of divorce as granted first party, shall stand, and that the said second party will dismiss with prejudice, the said suit to set aside decree of divorce, if the proper motion to modify it is made so that second party will be awarded the custody of the above named children with the right of first party to see said children at reasonable times."

The contract further provided for a solatium of $6000 and other compensation to the ex-wife. Among other provisions of the agreement are the following:

"It is understood and agreed that the parties hereto desire to make some provision for the care and custody, also support of their children, to-wit: Frederick G. Boden and Loretto A. Boden.

"In further consideration of the deeding of a certain two room building, which now stands in the name of first party to the second party in trust for the children of the first and second parties, as hereinbefore mentioned, the income of which is now eighty-five dollars per month, and

"It is further understood that the said second party will not be required to account for the expenditure of said eighty-five dollars per month, or whatever income on said storebuilding may be, but when said children reach their majority, title in said property shall be vested in them. That is to say, it is understood that this

building is deeded in trust to the mother for the benefit of the children and to become the absolute property of the children when they reach their majority.

"It is further understood and agreed that said second party undertakes to support and maintain said children out of the income of said property so deeded in trust to her for said children; that is to say, she is hereby contracting, for and in consideration of the sum of eighty-five dollars per month so received from the income of said building, to support and maintain said children."

Instead of deeding the property to the mother in trust for the children, George Boden, on the 8th day of October, 1921, conveyed the real estate in question to the children, Loretto Boden and Frederick G. Boden, with this recital in the deed:

"The use of same being further restricted as follows: That Josephine V. Boden, the mother of Frederick G. Boden and Loretto Boden, minors named herein as grantees, shall have and enjoy the entire use and income from the said real estate herein until the 29th day of October, 1936, according to the terms of a certain agreement made between Geo. Boden and Josephine Boden made Oct. 6, 1921."

There is no evidence of commotion thereafter until late in 1924. In November of that year, Josephine Boden remarried with one Johnson, and in the following month the child, Frederick, left her home and since that time has lived with his father. On a hearing of the case before the court, the evidence developed that since 1924, the mother had not contributed anything out of the income of the property to the support and maintenance of the son, Frederick, and upon demand by his guardian and curator, the respondent herein, refused to account for any part of the income for the support and maintenance of Frederick, or to pay any sum therefor. There was no showing as to the amount of the income received by appellant and no accounting thereof was had. The evidence disclosed that since the remarriage of appellant, her husband, Johnson, has collected the rents upon said property and that she and her husband Johnson deposited and maintained their money in a joint bank account.

The petition, called a bill in equity, was filed June 20, 1928, and recited that Federick G. Boden is the owner of an undivided one-half interest in the real estate (describing it); that said property is now in possession of the defendant, who, for the past three years, has collected the rent thereon, or has permitted her husband to so collect it, and has refused to account to the said Frederick G. Boden for his interest therein for the past three years; recites the execution of the deed and contract above mentioned; that for more than three years defendant has collected income from said property and has converted same to her own use and failed and refused to provide for the support and maintenance of the children, and has failed and

refused to account for the income so collected. It also recites the capacity of plaintiff as guardian and curator of the said Frederick G. Boden; that demand for an accounting was made and refused. The prayer was that defendant be required to make an accounting of the income collected and received from said property, and of the income which she has allowed and permitted her said husband to collect and retain, and that plaintiff recover from defendant such a sum as the court may determine from an accounting may be the interest of the said Frederick G. Boden in and to the income collected by defendant for a period of three years previous to the date of the filing of the petition; that she be removed as trustee, and that a new trustee be appointed in her stead; for a receiver pending suit, and for general relief.

The answer of defendant was a general denial coupled with the following:

"Further answering, defendant states that by the terms of a contract entered into between her and plaintiff on the 6th day of October, 1921, which contract is referred to in plaintiff's bill, copy of which is herewith filed, it was expressly agreed between the said contracting parties that said Josephine B. Johnson should not be required to account for any income or moneys received according to the terms of said contract and that no action for an accounting should be brought against her."

At the conclusion of the hearing the court entered the following decree:

"Now on this day this cause having been heretofore heard and taken under advisement, and the court being duly advised in the premises doth find that the plaintiff is the owner of an undivided one-half interest in and to the following described real estate:

"All of Lot Four (4), Block Four (4), Ontario, sub-division of land in Kansas City, Jackson County, State of Missouri; that said property is now in the possession of the defendants herein, and that the defendant Josephine B. Johnson herein is entitled to receive from the income of said property only such sums as might be left after full provision had been made for the support and maintenance of plaintiff and Loretto Boden; that the said defendant Josephine B. Johnson has failed and refused to apply any portion of the income from said property to the use and benefit of said Frederick G. Boden and has failed and refused to account for said income as collected.

"It is, therefore, ordered, adjudged, and decreed that defendant Josephine B. Johnson be, and she is, required to make an accounting in this cause of action of the income collected and received from said property to the date of the hearing of this cause of action and that from henceforth until the further order of this court, or until the said plaintiff shall arrive at the age of twenty-one years,

the defendant Josephine B. Johnson pay over to George Boden, guardian and curator of the estate of Frederick G. Boden, plaintiff, one-half of the net income from said property.

"It is further ordered that this court retain jurisdiction of this cause for the purpose of making such further orders as may be required to do equity in the cause."

Defendant duly appealed and makes the points, (1) that where the contract expressly states that parties need not account, an action for accounting will not lie, (2) that where the beneficiary by his own account renders performance impossible, the promisor is excused from performance, and (3) the deed and the contract must be construed together, and under the terms of the deed, defendant is not required to account.

## OPINION.

No question is raised against the sufficiency of the petition to invoke equitable jurisdiction, nor as to the propriety of a money judgment, if defendant is found to be indebted to plaintiff on account of the facts alleged. No question is raised by respondent in reference to the jurisdiction of this court on account of time and manner of appeal in this case. However, it is the traditional policy and established law of our appellate courts to inquire *suu sponte* as to their jurisdiction before they essay to pass upon the merits of questions which are raised on appeal. [City of St. Joseph v. Georgetown Lodge, 8 S. W. (2d) 979; Tressler v. Whitsett, 280 S. W. 438.]

From our view, this appeal was premature, the case is not legally here for review of alleged errors, and this court has no jurisdiction. Section 1469, Revised Statutes 1919, does not contemplate or permit an appeal from a preliminary or interlocutory order in a suit for an accounting. The actions of the trial court from which appeal may be taken are specifically named and described and no right of appeal is provided for a party in the position of appellant at the time this appeal was taken. The interlocutory orders or judgments from which an appeal is allowed are specified and there are substantial and imperative reasons why an appeal should be permitted in the instances named, but there is no provision for any such appeal from a preliminary order in a proceeding for an accounting. There was no final judgment determinative of the rights of the parties which could be enforced by execution, and the order made clearly contemplates further action and proceedings on the part of the court before the subject matter would be ripe for the rendition of any final judgment. The propriety of the order requiring an accounting is not before us for consideration because, of necessity, it was a required preliminary order, before the court could proceed to final judgment. The proceeding in this case, so

far as it went, was in accordance with the general and accepted rules of procedure in matters of accounting. [Buffington v. Green et al., 221 Mo. App. l. c. 702.] Under the above authority it would have been error for the court to have proceeded to cast an account between the parties before determining the issue as to the right of an accounting and entering its interlocutory judgment. In entering such interlocutory judgment the court is not required or, in fact, permitted to determine the merits of the controversy and the rights of the parties as a basis for final judgment. It is obvious that the order and judgment entered in this case was not a final judgment. It merely determined that plaintiff was entitled to have an accounting and it does not provide for any money judgment or any other judgment foreclosing the rights of defendant.

The following orders and judgments have been held to be interlocutory and not final: A decree that plaintiff may redeem premises on payment to defendant of an amount to be ascertained by a referee, and ordering an accounting (Deickhart v. Rutgers, 45 Mo. 132); an order finding plaintiff was endowed of certain lands, but failing to determine the yearly value of the widow's dower (Strickler v. Tracy, 66 Mo. 465); an order appointing commissioners in a condemnation suit (The St. Jos. Terminal R. R. Co. v. Hannibal & St. J. R. R. Co., 94 Mo. 535); a judgment on demurrer entered in favor of one defendant, leaving the case pending as to others (Rock Island Imp. Co. v. Marr, 168 Mo. 252); an order sustaining motion to dismiss as to all but one defendant, leaving the case pending as to that one (Webb v. Kansas City et al., 85 Mo. App. 148); an order sustaining a demurrer, but no judgment entered in pursuance thereof (Spears v. Bond, 79 Mo. 467); an order appointing commissioners to reappraise and admeasure a homestead (Macke v. Byrd, 109 Mo. 487); a judgment in plaintiff's favor on equity count, asking a cancellation of a release, but no judgment on the law count, asking damages for injuries (Russell v. St. Louis & Sub. Ry. Co., 154 Mo. 428); an interlocutory judgment decreeing dower (Reineman v. Larkin, 222 Mo. 156); overruling motion for new trial (Lowe v. Frede, 151 Mo. App. 569); an order setting aside a default judgment for plaintiff (Holder v. Chidister, 177 Mo. App. 415); (Bree v. Hobart, 187 Mo. 140); an order requiring certain persons to be made parties by interpleas (Harrison v. Scott, 72 Mo. App. 658); an order on motion to quash writ of attachment (Tamblyn v. Lead & Zinc Co., 161 Mo. App. 296).

All of the foregoing are in accord with the general rule that where the order or judgment is intermediate or incomplete and does not settle the rights of the parties or determine the merits of the controversy, but leaves them for future determination, the order or judgment is not final in the sense that it is appealable. A pertinent statement is the following from 3 C. J. 443:

"And so it has frequently been held, either in express terms or in effect, that a judgment, order, or decree is not final or appealable, unless it determines the merits of the controversy, or the rights of the parties, and leaves nothing for future determination."

The author of the text cites the following Missouri cases which sustain the statement: Moran v. Stewart, 246 Mo. 462; Baker v. St. Louis, 189 Mo. 375; Dieckhart v. Rutgers, 45 Mo. 132; Hill v. Young, 3 Mo. 337; Tamblyn v. Chicago Lead etc., Co., 161 Mo. App. 296; Lyons v. Rollinson, 109 Mo. App. 68.

"For the purpose of appeal decrees in which an accounting is directed are as a general rule deemed interlocutory." [1 C. J. 647.]

If this were not so a multiplicity of appeals would be permissible. If a party can appeal from an order for an accounting, he can, for as good reason, appeal from an order appointing a referee, or from an order sustaining or overruling exceptions to the referee's report, all before final judgment. Such procedure would be deplorable and an intolerable barrier to speedy justice. Prior to the statute allowing appeals no such right existed, and unless this right is granted by the statute it does not exist. [Nathan v. Oil Co., 187 Mo. App. 560; State ex rel. v. Bland, 189 Mo. 1. c. 208.]

We are constrained to hold that the present case is still pending in the circuit court, and that this court has no jurisdiction by virtue of the attempted appeal from the order made in the case. It results that the appeal should be dismissed. The Commissioner so recommends. *Barnett, C.,* concurs.

PER CURIAM:—The foregoing opinion by Boyer, C., is hereby adopted as the opinion of the court. The appeal is dismissed. All concur, except *Trimble, P. J.,* absent.