67 So.2d 889

### Ex parte MORGAN.

### MORGAN v. MORGAN.

### 6 Div. 537.

Supreme Court of Alabama.

Nov. 5. 1953.

**650**

Marvin H. Galin, Cullman, for appellant.

Wm. E. James, Cullman, for appellee.

STAKELY, Justice.

Ocie K. Morgan filed a petition in this court asking this court to review and hold invalid a decree rendered by the Probate Court of Cullman County, Alabama, on November 20, 1952, purporting to set aside a homestead absolutely to Bula Morgan.

The petition alleges that the petitioner was and still is in possession of the property constituting the alleged homestead and further shows that an order for a writ directing the Sheriff of Cullman County, Alabama, to deliver possession of said property was made by the court on December 22, 1952. A motion to vacate this order was denied and the sheriff ordered to deliver possession forthwith. Thereupon a supersedeas petition was filed by Ocie K. Morgan on December 31, 1952. When a motion to strike the supersedeas petition was sustained, an indemnifying bond was filed.

The basis for the petition of Ocie K. Morgan to set aside the homestead is that there is no allegation in the petition that there were no minor children at the time of the death of the husband of Bula Morgan. See Craig v. Root, 247 Ala. 479, 25 So.2d 147.

On the filing of the petition in this court, a writ of certiorari was issued returnable to the first week of the call of the Sixth Division.

In making return to the petition Bula Morgan first moved to quash the petition for the writ of certiorari and the writ of certiorari issued by this court on the ground that the Circuit Court of Cullman County had jurisdiction to issue the writ of certiorari and that application for the writ of certiorari should have been made to the circuit court. Without waiving the motion to quash, as we have set forth, answer was then made to the writ.

The case here is submitted on the respondent's motion to quash the writ of certiorari and on the merits.

■ The procedure followed by Bula Morgan was in keeping with the authorities in this state. In the case of Byars v. Town of Boaz, 229 Ala. 22, 155 So. 383, 386, this court said:

"It was clearly pointed out in the case of St. John et al. v. Richter et al., 167 Ala. 656, 52 So. 465, 466, that: 'A return to the writ of certiorari issued should have been made or required, or an adequate reason shown why it was not made, before dismissing the petition or quashing the writ. The proper rule and practice in such cases has been thus stated: "The return is a prerequisite to any review to be undertaken by the court out of which the writ issues; and, until it is made, the court will not render any judgment or make any order except for the purpose of enforcing obedience to the writ and compelling the making of a return." 4 Ency.Pl. & Pr. p. 212, par. 2; People v. McCraney, 21 How.Prac. (N.Y.) 149.' "

See also St. John v. Richter, 167 Ala. 656, 52 So. 465.

 Upon a consideration of the matter we conclude that the motion to quash the writ and dismiss the petition is well taken. In the case of Richey v. Butler, 255 Ala. 150, 50 So.2d 441, 447, this court said:

"This court has consistently held that there is no necessity, under the constitution and law, to issue writs of this character to give it general superintendence and control of inferior jurisdictions, § 140, Constitution; § 17, Title 13, Code of 1940, if there is any court, inferior to this, which possesses the authority to afford petitioner relief as ample as this court could grant; but in such circumstances the petition should be made to the inferior court, with the power in this court to review its judgments in the manner provided by law. * * *"

See also Ex parte Town of Roanoke, 117 Ala. 547, 23 So. 524.

So far as we can ascertain in only one instance has a petition for certiorari to this court instead of to the circuit court, been allowed. In the case of Ex parte Alabama Textile Products Corp., 242 Ala. 609, 7 So. 2d 303, 306, 141 A.L.R. 87, this court held that the Circuit Court of Montgomery County may review by appropriate remedial writs orders of the boards and commissions of the state sitting in Montgomery and that this court may do so when in the judgment of this court it is necessary to afford full relief and do complete justice. In that case it was said:

"* * * An exercise of such discretion will receive more favorable consideration when the interested parties appear and virtually agree that there is such necessity by submitting the cause without making the objection that there is an absence of it. We have the right to determine whether a necessity exists, influenced by the magnitude and importance of the question involved, and the convenience of the parties in presenting it, rather than in first going to the Circuit Court of the county where the board sits."

The case at bar does not fall within the category of Ex parte Alabama Textile Products Corp., supra, and furthermore Bula Morgan in making return to the writ objected to a consideration of the writ by this court. In other words, she did not agree that there was any necessity for this court to exercise its discretion in the matter,—a position with which we agree.

It results that the motion to quash the writ and dismiss the petition is hereby sustained.

Writ quashed and petition for certiorari dismissed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.