**Marie MEYER, Respondent,**

v.

**Rae GARREN, Appellant.**

**No. 46877.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 16, 1984.

Doskocil & Pulos, Inc., Kim B. Blankenship, St. Louis, for appellant.

Richard G. Reed, P.C., Michael A. Lawder, Belleville, Ill., Joseph T. Kelleher, Glen Carbon, Ill., for respondent.

CRIST, Judge.

Suit in equity brought by Marie Meyer, a 73-year-old woman, against her 67-year-old sister, Rae Garren, alleging Garren had misappropriated funds belonging to Meyer, and requesting the declaration of a constructive trust upon those funds and an accounting. We dismiss the appeal for want of a final judgment.

Meyer requested, during a time of illness, help from Garren in managing her affairs. To that end, Meyer granted Garren a power of attorney. Garren does not dispute that large sums of money were transferred from bank accounts in Meyer's sole name to bank accounts in the joint names of the two sisters. She claims Meyer intended these transfers to be gifts. The trial court found no gift was intended and that Garren was a fiduciary to Meyer.

It imposed a constructive trust and ordered Garren to account for the funds. Garren appealed before the accounting was performed.

As the accounting has not been completed and approved, there was no final judgment in this case. *Federbush v. Federbush*, 667 S.W.2d 457, 459 (Mo.App.1984); see *Boden v. Johnson*, 224 Mo.App. 211, 23 S.W.2d 186, 188–89 (1930). As there is no final judgment, the appeal must be dismissed. *Federbush*, 667 S.W.2d at 458–59.

Appeal dismissed.

DOWD, P.J., and CRANDALL, J., concur.

**In the Interest of J.A.P., A Male Juvenile.**

**No. 47473.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 16, 1984.

Nancy L. Schneider, Kennedy, Sowers & Schneider, St. Charles, for appellant.

Patricia H. Thomas, Asst. Pros. Atty., St. Charles, for respondent.

PER CURIAM

## ORDER

Plaintiff appeals from a judgment terminating his parental rights over his son on the grounds of abandonment pursuant to § 211.447.2(2)(a)b RSMo 1978. The judgment is affirmed in accordance with Rule 84.16(b).