173 So. 46

**WEST et al. v. STATE ex rel. MATTHEWS, Deputy Solicitor.**

7 Div. 400.

Supreme Court of Alabama.

March 11, 1937.

Merrill, Jones & Whiteside, of Anniston, for appellants.

A. A. Carmichael, Atty. Gen., for appellee.

FOSTER, Justice.

A bill in equity was filed May 14, 1936. A demurrer to it was filed June 9, 1936. A decree dated and filed June 12, 1936, recited that "this cause coming on to be heard and the same being submitted on demurrer to the bill of complaint which being considered by the court," etc., proceeds to overrule it, reciting that it is done in Anniston. The bill was filed in that county. The record

does not show when the equity docket was set down for hearing, nor that respondents' counsel were not present consenting to the submission.

The circuit court, in equity, is always open for the transaction of business. Section 6636, Code; Ex parte Campbell, 229 Ala. 422, 157 So. 675; Van Schaick v. Goodwyn, 230 Ala. 687, 163 So. 327.

Rule 74 of Chancery Practice is that a demurrer to a bill may be set down for consideration in vacation and heard on ten days' notice. Vacation now means the intermission between the calls of the equity docket. Davidson v. Rice, 201 Ala. 508, 78 So. 862. If a demurrer is set down for hearing during such period without the ten days' notice, and that situation appears of record, this court has held that a decree on such submission is error, the parties not consenting to the submission. Stuckey v. Murphy, 224 Ala. 8, 138 So. 289; Thomasson v. Benson Hardware Co., 224 Ala. 11, 138 So. 287.

But, when there is nothing in the record which shows that the submission was not at a regular call of the equity docket, the presumption will be indulged that such was the fact. If the fact was to the contrary, a motion should be made to set aside the decree on that ground. On that hearing it may be shown that it was not at a call of the docket, and without ten days' notice or consent of the parties. Hudson v. Hudson, 204 Ala. 75, 85 So. 282; Doty v. Pope, 213 Ala. 4, 101 So. 883; Pope v. Allinder, 219 Ala. 439, 122 So. 419. In respect to this contention there is nothing in the record on which it can be based.

Appellant also insists that the decree should be reversed because there was no note of testimony.

But a submission on demurrer is not within the rules 75 and 76, since on such submission no testimony is offered. Town of Samson v. Chicago Title & Trust Co., 208 Ala. 18, 93 So. 833; Jackson v. Hooper, 107 Ala. 634, 18 So. 254; Jones v. Beverly, 45 Ala. 161, 165; Green v. Martin, 221 Ala. 514, 129 So. 465; Broglan v. City of Huntsville, 218 Ala. 9, 117 So. 419.

It is insisted that the decree refusing to dissolve the injunction, from which the appeal is also prosecuted, should be reversed because of the denials of the respondents set out in their affidavit. But section 8311 (4535) changed the rule which on hearing such a motion accorded what was called a measure of conclusive effect to the full denials of a sworn answer; so that upon the hearing of such a motion the question of continuing the injunction notwithstanding the denials was made largely discretionary with the court. Saxon v. Parson, 206 Ala. 491, 90 So. 904; Brown v. Bell, 206 Ala. 182, 89 So. 659; Jenkins v. Steel Cities Chemical Co., 208 Ala. 643, 95 So. 22; Rice v. Davidson, 206 Ala. 226, 89 So. 600; Walker v. City of Birmingham, 216 Ala. 206 (10), 112 So. 823; Cruce v. McCombs, 221 Ala. 507, 129 So. 279.

The bill sought an injunction against the maintenance of a liquor nuisance. Sections 4671 et seq., Code; Ex parte Hill, 229 Ala. 501, 158 So. 531; Greenwood v. State, 229 Ala. 630, 159 So. 91; Id., 230 Ala. 405, 161 So. 498; Joiner v. State, 232 Ala. 522, 168 So. 885.

It was sworn to and alleged that defendants are and have been engaged in maintaining and operating a restaurant and tourist camp for the purpose of selling and keeping for sale prohibited liquors in violation of law, and maintaining the premises as a resort for drinking such liquors, and was a nuisance. If so, it was a liquor nuisance under section 4663, Code, and subject to proceedings for its abatement.

The only ground of demurrer is that there is no equity in this bill. This is clearly without merit.

On hearing the motion to dissolve the injunction defendants made affidavit that at the time of filing the bill on May 14, 1936, they were not engaged in keeping for sale or dispensing of prohibited liquors. If they were not so engaged, a temporary injunction prohibiting them from so doing could not be injurious. If they were so engaged, they should be enjoined. We think the court did not err in exercising a discretion to overrule the motion to dissolve the injunction.

There is no error in the record so far as our attention has been called to it, and the decree is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.