468

45 So.2d 292

**McCARY v. McCARY. .**

**6 Div. 977.**

Supreme Court of Alabama.
March 23, 1950.

Beddow & Jones, of Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellee.

STÁKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer of William N. McCary (appellant) to the bill of complaint, as amended, filed against him by Nell McCary (appellee). Counsel state the first assignment of error as follows: "The court erred in taking a submission upon the amended bill and demurrer in the absence of the record showing notice to the demurrant of the time and place of taking the submission or the appearance of the demurrant at the time of submission either in person or by his solicitors of record." Of course a defendant who demurs to a bill of complaint should have an opportunity to be present and argue his demurrer at the time of the submission for a decree on the demurrer. It will be noted that there is no statement that the appellant's attorney did not have notice of the submission upon the demurrer to the bill as amended but the point is that the record should show notice of such submission in order to impart validity to the decree of the court. The record only shows that on the 30th day of September, 1949 "it is ordered by the Court that the cause be and it is hereby submitted for a decree on the demurrer of respondent to the bill of complaint as last amended." Then follows the decree overruling the demurrer to the bill as last amended without reference to or mention of any notice.

We quote the applicable part of Equity Rule 60 as it appears at p. 128, Pocket Part, Title 7 Appendix, Code of 1940, as follows: "And submission may also be had on demurrer, motion, or other pleading upon ten days' notice to the opposing party or parties. Such notice may be given either by the sheriff or by the movant or his attorney of record."

The judges of the Tenth Judicial Circuit have adopted Rule 54, the applicable part of which is as follows: "(a) Parties desiring causes submitted for decree, interlocutory or final, may make application for such submission to the Register; thereupon the Register shall advise the party making such application of the time such submission will be taken by the Chancellor and the moving party shall notify the other interested counsel or parties of the time when the submission will be taken and make due proof of the same to the Court."

The last paragraph of Rule 60 constitutes the amendment of the rule adopted by this court on June 10, 1943. Before the adoption of the new equity rules, effective January 1, 1940, the substance of the amendment was contained in Equity Rule 74. Old Rule 74 was brought forward into the new rules which became effective on January 1, 1940. Ex parte Taylor, 247 Ala. 308, 24 So.2d 217. In West v. State, 233 Ala. 588, 173 So. 46, this court in construing old Equity Rule 74 held that when there is nothing in the record which shows that the submission was not at a regular call of the equity docket, the presumption will be indulged that such was the fact. In Ex parte Robinson, 244 Ala. 313, 13 So.2d 402, this court considered the situation when there was no rule as to notice of submission on demurrer, since old Equity Rule 74 had ceased to exist and when, therefore, there was no express requirement of notice between sessions of court and again this court held that where there is nothing in the record to show that the submission was not at a regular call the presumption will be indulged that such was the fact.

In construing Equity Rule 60 which is now in effect and also Local Rule 54, the same principle obtains, which is set

forth in the foregoing authorities. In other words, since there is nothing in the record which shows that the submission was not at a regular call (Equity Rule 61), the presumption will be indulged that such was the fact. Since no notice is required of a submission at the regular call of the docket, the record before us and on which we must act shows no error. If as a matter of fact the respondent or his attorney did not receive notice, motion could have been made to set aside the decree on that ground. West v. State, supra.

### Second Assignment of Error.

The complainant (appellee) filed her original bill, praying for separate maintenance. She filed her amendment to the original bill making it a bill for divorce from bed and board. Demurrer was filed by the respondent (appellant) to the bill as amended. Complainant then filed another amendment to the bill as first amended. Respondent refiled his demurrer to the bill as last amended. The court entered a decree overruling the demurrer to the bill as last amended. This is the decree from which this appeal was taken.

It is insisted that there is no allegation that the complainant was a bona fide resident of the State of Alabama. But in the original bill it is alleged that both the complainant and the respondent are residents of Jefferson County, Alabama. Amendments to the bill made no change in respect to these allegations. We think that when the words resident or residence are used in our divorce statutes and are modified by the expression bona fide (§§ 22, 27 and 29, Title 34, Code of 1940), that the words bona fide were evidently added by the legislature to make sure that residence means residence with domiciliary intent. Vol. 5 Words & Phrases, Perm.Ed., p. 643. But the decisions of this court have made it clear that residence in these statutes means domicile. Gee v. Gee, 252 Ala. 103, 39 So.2d 406, 408.

In Gee v. Gee, supra, it was further pointed out that it is now unnecessary to allege that the complainant is a bona fide resident or allege that the complainant is a resident of Alabama at all provided the respondent is alleged to be a resident of Alabama and the court acquires jurisdiction of both parties to the action. In this case this court said: "We do not think it is of controlling importance whether a bill uses the word residence alone or adds to it citizenship or domicile. We think and construe it to mean the same whether in pleadng or in a statute on that subject." In keeping with these authorities and in view of the fact that the respondent is alleged to be a resident of this state and is within the jurisdiction of the court because he entered a general appearance by filing a demurrer, we think that the allegations of the bill are sufficient although the words bona fide are omitted.

It is further argued that the demurrer to the bill as amended should have been sustained either because the bill fails to allege that the abandonment was voluntary or because habitual drunkenness as of the time of the filing of the bill was not alleged. The bill of complaint as last amended contains four separate grounds of divorce. (1) The addiction to habitual drunkenness after marriage, (2) abandonment for one year next preceding the filing of the original bill, (3) adultery and (4) addiction after marriage to the habitual use of opium, morphine, cocaine or other like drug. There is no demurrer directed separately to the allegations pertaining to any separate ground of divorce. Accordingly if any ground is sufficient as against demurrer there was no error in overruling the demurrer to the bill as a whole. Branford v. Shirley, 238 Ala. 632, 193 So. 165.

With reference to drunkenness the bill alleges "that respondent became addicted after marriage to habitual drunkenness." In McMahon v. McMahon, 170 Ala. 338, 54 So. 165, this court decided that an allegation that the respondent "has become addicted to habitual drunkenness" is the equivalent of averring that "he still is or was addicted to the habit when the bill was filed."

The decree of the lower court is affirmed.

Affirmed.

BROWN, FOSTER, LIVINGSTON, LAWSON and SIMPSON, JJ., concur.