50 So.2d 441

RICHEY et al. v. BUTLER et al.

CLAYTON v. GARNER, Judge of Probate.

Ex parte CLAYTON.

6 Div. 153, 154, 159.

Supreme Court of Alabama.

Feb. 8, 1951.

Wilkinson & Skinner, of Birmingham, and L. H. Etheridge, of Bessemer, for appellants and petitioner.

Huey, Welch & Stone and Norman K. Brown, all of Bessemer, for appellees and respondent.

LAWSON, Justice.

On December 7, 1950, we took submission in three cases which relate to the incorporation of the town of Brownville in Jefferson County. These cases were consolidated and all will be treated in this opinion.

6 Div. 153 is an appeal from a decree of the circuit court of Jefferson County, in equity, Bessemer Division, discharging a temporary injunction, sustaining demurrer to the bill for injunction, and dismissing the bill. § 757, Title 7, Code 1940.

The bill for injunction was filed on October 6, 1950, by appellants, B. R. Richey et al., against appellees, George Butler, W. C. Weldon, and Mrs. Bell Lacey. The respondents had been appointed by the probate judge of Jefferson County as inspectors to manage an election which had been ordered to be held on October 10, 1950, to determine whether the town of Brownville should come into existence. The complainants, qualified voters or owners of property in the territory proposed to be incorporated, sought to restrain the respondents "from holding said election on said 10th day of October, 1950 or any other day until the restraining order be released * * *."

The theory of the bill for injunction or restraining order was that the order of the probate judge calling the election and appointing the respondents as inspectors was void because of the absence of a jurisdictional averment in the petition initiating the proceedings for incorporation.

Upon the filing of the bill and on ex parte application to Judge Mathews, the temporary injunction or restraining order was granted as prayed.

On October 9, 1950, the respondents filed their motion to dissolve, their demurrer to the bill, and their sworn answer.

The next entry in the record is as follows:

"Decree

"This cause coming on to be heard on motion to dissolve the injunction issued on, to-wit: October 6, 1950, in this cause restraining the holding of an election of the incorporation of the Town of Brownville and the court having heard the arguments on the demurrer to the bill and the motion to dissolve and sworn answer of the Respondents, the court is of the opinion that the bill is without equity and the demurrer should be sustained thereto.

"It is therefore ordered, adjudged and decreed as follows:

"(1) That the demurrer to the bill of complaint is sustained.

"(2) That the temporary restraining order issued in this cause on, to-wit, October 6, 1950, be and the same is hereby dissolved and the bill is dismissed.

"Done this the 9th day of October, 1950.
"F. R. Mathews
"Judge."

Appellants insist that the decree appealed from should be reversed for the reason that the ten-day notice provided for by § 1052, Title 7, Code 1940, was not given to the complainants. But Equity Rule 93, Code 1940, Tit. 7 Appendix, provides as follows: "Motions to dissolve injunctions, when made while the court is in session, may be submitted during the call for motions, on one day's notice, or at the regular call of the docket; but if the cause is then ready for hearing on the merits, the court must proceed with the hearing, without taking up the motion separately. When there is a demurrer for want of equity or other cause, and the motion to dissolve the injunction is made before the court in session, the demurrer must be heard in connection with the motion; but if there is no demurrer, the equity of the bill must, nevertheless, be considered by the court, and if it wants equity, it must be dismissed; but no motion shall be made to dissolve an injunction on the denials of the answer, unless the answer has been filed at least twenty-four hours, and is sworn to."

█ True, this rule has application while court is in session. While it appears that the proceedings were had at a regular term of the court, it does not expressly appear that court was in session. But it does not appear that it was not in session, and when nothing appears to the contrary in the record, we will presume that the decree was rendered at a session of the court ordered pursuant to Equity Rule 61. If a party wishes to contest that fact, the contrary not appearing on its face, and claims prejudice on account of it, he should move in the circuit court to set it aside. Stansell v. Tharp, 245 Ala. 270, 16 So.2d 857; Ex Parte Robinson, 244 Ala. 313, 13 So.2d 402; Lee v. Gaines, 244 Ala. 664, 15 So.2d 330; Caudle v. Cotton, Sheriff, 234 Ala. 126, 173 So. 847; West v. State ex rel. Matthews, 233 Ala. 588, 173 So. 46; McCary v. McCary, 253 Ala. 468, 45 So.2d 292.

█ Equity Rule 93, supra, requires one day's notice before submission may be had on motion to dissolve injunction while court is in session, except upon the regular call of the docket. It does not require that such motion be actually filed one day or twenty-four hours before submission on the motion to dissolve except as to motions to dissolve on the denials of the answer. None of the grounds of the motion to dissolve filed by respondents below were based on the denials of the answer. Although the motion to dissolve was filed on the same day the injunction was dissolved, the requirements of Rule 93 as to notice would have been met if complainants had been given one day's notice. In the absence of some showing that such notice was not given, we will presume that it was given. If as a matter of fact, the complainants did not receive notice, motion could have been made to set aside the decree on that ground. McCary v. McCary, supra. Moreover, it not appearing that the motion to dissolve was not made at the regular call of the docket, we will presume that it was made at that time.

154

■ It affirmatively appears that the answer had not been filed twenty-four hours prior to the making of the motion to dissolve, as is required by Rule 93. But, as before pointed out, the motion to dissolve was not based on the denials of the answer and, as we understand the decree, the injunction was dissolved on the ground that the bill was without equity, as pointed out in the motion to dissolve and in the demurrer. But even if the decree had been general and there had been included in the motion to dissolve grounds to the effect that the answer denied the equity of the bill, it would not have been error to dissolve the injunction if the bill was without equity, since there were grounds of the motion to dissolve taking that point. In Auto Mut. Indemnity Co. v. Moore, 235 Ala. 426, 429, 179 So. 368, 369, it was said:

"The first proposition argued by appellant in brief is that the court committed error in dissolving the injunction when the answer of respondents, which was considered on the motion, was not verified.

"The motion to dissolve was made on the grounds that there was no equity in the bill, and because the answer denied the equity of the bill. No answer had then been filed. On the day that motion was heard, an unsworn answer was filed. Objection was made because it was unsworn, and the objection was overruled. The motion to dissolve was then heard, and that included in the submission the answer as expressly stated in the minutes.

"The decree of the court was general and did not state whether it was based on a want of equity or on the denials of the answer.

"Rule 32, Chancery Practice, provides that, before a motion can be entertained to dissolve an injunction upon the denials of the answer, it must be sworn to. Again it is said that a motion to dissolve confesses the averments of the bill, and, in the absence of a verified answer denying its material averments, can be grounded only on a want of equity in the bill. Burch v. Burch, 231 Ala. 464, 165 So. 387.

"An unverified answer on such a submission is therefore as no answer. The decree of the court must be reviewed as if there had been no answer. But, if there was no equity in the bill sufficient to sustain an injunction, there was no error in dissolving it on motion, which has that as one of its grounds."

■ Appellants also insist that the decree should be reversed because there was no note of submission. There is no merit in this contention in view of the language of the decree. Caudle v. Cotton, Sheriff, supra.

We come now to the question as to whether there is such equity in the bill as will support the decree of injunction.

Appellees insist that the decree dissolving the injunction should be sustained on the theory that the equity court does not have jurisdiction to enjoin the holding of an election such as was sought to be enjoined in this case. But we need not stop to inquire as to this in the instant case, for the exigencies of the case do not call for a decision on this question. We leave this question aside, for, conceding, without deciding, that an equity court has such power, we think the bill was without equity.

As heretofore pointed out, appellants based their right to relief on the theory that the order calling the election and appointing the respondents as inspectors to manage the election was void because the petition calling for an order of incorporation did not contain a jurisdictional averment.

Proceedings for incorporation are begun by filing a petition in accordance with the provisions of § 10, Title 37, Code 1940, which reads as follows: "When the inhabitants of an unincorporated community, which has a population of not less than one hundred, constituting a body of citizens whose residences are contiguous to and all of which form a homogeneous settlement or community, desire to become organized as a municipal corporation, they may apply to the probate judge of the county in which such territory is situated, or the greater portion thereof, if it is situated in two or more counties, for an order of incorporation, by a petition in writing

signed by not less than twenty-five qualified electors residing within the limits of the proposed municipality. Such petition shall state the proposed name of such municipality, and shall have attached thereto and as a part thereof an accurate plat of the territory proposed to be embraced within the corporate limits, including all subdivisions into lots, blocks, streets and alleys, within such territory, if any, and an accurate description by metes and bounds of the boundary of such territory. *No platted or unplatted territory shall be included within such boundary unless there are at least four qualified electors residing on each quarter of each quarter section, according to government survey or part thereof, of such platted or unplatted land, who assent thereto in writing by signing said petition, together with the consent of the persons, firms or corporations owning at least sixty per cent. of the acreage of such platted or unplatted lands, such consent to be signified by their signing said petition.* Proof of residence and qualification as electors of petitioners and of persons affected shall be made to the judge of probate, by affidavit or otherwise, as he may direct. When determining the ownership of such lands the person, firm or corporation assessing the same for taxation shall be accepted by the probate judge as prima facie the owner thereof." (Emphasis supplied.)

The pivotal point in this case is the construction to be placed on those provisions of the section quoted above which we have italicized.

As to such provisions, the bill for injunction avers that the petition for order of incorporation stated "that at least four qualified electors residing within each quarter of each quarter section signed said petition together with the persons, firms or corporations owning at least sixty per cent. of the acreage of the proposed incorporation." The bill for injunction takes the position that such averments are insufficient in that the petition for order of incorporation failed to show the consent of the persons, firms or corporations owning at least sixty per cent. of the acreage of that part of each quarter of each quar-

ter section of land embraced within said proposed municipality.

We cannot agree with that construction. The requirement as to consent of the owners of property relates to "such platted or unplatted lands" and we think it clear that those words have reference to the plat of the territory proposed to be embraced within the corporate limits of the proposed municipality, which can include land which has theretofore been platted, as well as that which has not been platted. That the words "such platted or unplatted lands" have reference to the plat of the territory proposed to be embraced within the corporate limits of the municipality is evidenced by the fact that they are used in connection with the requirement that the petition show the consent of at least four qualified electors "residing on each quarter of each quarter section, according to government survey or part thereof, *of such platted or unplatted land.*" (Emphasis supplied.) The construction contended for by appellants would in effect have us insert the words which we set out hereafter in brackets in that part of the statute which we quote: "* * * together with the consent of the persons, firms or corporations owning at least sixty per cent. of the acreage [in each quarter of each quarter section, according to government survey or part thereof] of such platted or unplatted lands." This we would not be justified in doing, thereby usurping a legislative prerogative. If it had been so intended, the lawmakers could very easily have used the language which we have heretofore set out in brackets and which they did use as to the requirements as to qualified electors.

That the petition for order of incorporation used the words "sixty per cent. of the acreage of the proposed incorporation" rather than "sixty per cent. of the acreage of such platted or unplatted lands" does not make the petition defective in jurisdictional averments. As before shown the words used in the petition and those used in the statute mean the same thing.

We hold that the petition for order of incorporation was not defective in juris-

dictional averment as alleged in the bill of injunction, and that the order of the probate judge calling the election and appointing respondents as inspectors to manage the election was not invalid as alleged in the bill. It follows that the bill for injunction was without equity and the trial court did not err in dissolving the temporary injunction, in sustaining demurrer to the bill, and in dismissing the bill.

6 Div. 154 is a petition by T. L. Clayton for writs of prohibition, mandamus and certiorari to be directed to the Honorable Tom C. Garner, as Probate Judge of Jefferson County.

This petition was filed on October 13, 1950, after the election had been held.

As to prohibition it was prayed: "Upon a final hearing your petitioner prays that the court will award him a writ of prohibition directed to the Honorable Tom C. Garner, Judge of Probate of Jefferson County, Alabama, perpetually enjoining, restraining and prohibiting him from causing an enumeration of the inhabitants of the proposed town of Brownville to be made as required by Section 10, Title 37, Alabama Code of 1940 and from making any order to be entered of record in the minutes of the Probate Court of Jefferson County, Alabama, that the inhabitants of the territory included in the proposed town of Brownville are incorporated as town of Brownville."

The prayer for writ of mandamus was as follows: 'Petitioner further prays that the court will award your petitioner a writ of mandamus directed to the Honorable Tom C. Garner as Probate Judge of Jefferson County, Alabama, commanding him to have set and immediately enter upon the minutes of the Probate Court of Jefferson County, Alabama, an appropriate order adjudging and declaring the election held on October 10, 1950, in the territory embraced in the proposed town of Brownville null and void and of no effect."

As to writ of certiorari, the prayer reads: "Your petitioner further prays that this Honorable Court order a writ of certiorari issued to the Honorable Tom C. Garner, Probate Judge of Jefferson Coun-ty, Alabama, in the Bessemer Division of said court, commanding him to send up to this Honorable Court the record or certified copy thereof of the proceeding had and done in the matter of the incorporation of the town of Brownville and that upon inspection of said record the court will order, adjudge and decree that all steps taken by and orders made by the Honorable Tom C. Garner, Probate Judge of Jefferson County, Alabama, in said matter be quashed, annulled and set aside and held for naught."

Rule nisi was denied by Judge Gardner F. Goodwyn, Jr. From such action petitioner Clayton has appealed to this court. § 761, Title 7, Code 1940.

We again pretermit any consideration of the question as to appropriateness of remedy and rest our conclusion that Judge Goodwyn correctly refused to issue the rule nisi on another ground.

Petitioner's right to the relief prayed was based on the averments of his bill to the effect that Judge Garner was without jurisdiction or authority to cause to be made an enumeration of the inhabitants residing in the territory to be included in the town of Brownville and was without jurisdiction or authority to make an order to be entered of record in the minutes of the court that the inhabitants of such territory are incorporated as a town or city, because (1) the petition filed on September 11, 1950, for an order of incorporation was fatally defective "in that it does not show that the consent of the persons, firms or corporations owning at least sixty per cent. (60%) of the acreage of the platted or unplatted lands lying within each quarter of each quarter section according to the government survey or part thereof proposed to be incorporated within said town of Brownville had been obtained"; (2) the order made by Judge Garner calling the election failed to show "that there were included among those signing said petition the persons, firms or corporations owning at least sixty per cent. (60%) of the acreage of such platted or unplatted lands lying within each quarter of each quarter section ac-

cording to government survey or part thereof."

It is manifest that the petitioner in this case based his right to relief on the same grounds as did the complainants in 6 Div. 153. What we said in 6 Div. 153 disposes of this case. The rule nisi was correctly denied.

6 Div. 159 is an original petition filed in this court by T. L. Clayton for common law writ of certiorari to be directed to Honorable Tom C. Garner, as Probate Judge of Jefferson County.

■ This court has consistently held that there is no necessity, under the constitution and law, to issue writs of this character to give it general superintendence and control of inferior jurisdictions, § 140, Constitution; § 17, Title 13, Code 1940, if there is any court, inferior to this, which possesses the authority to afford petitioner relief as ample as this court could grant; but in such circumstances the petition should be made to the inferior court, with the power in this court to review its judgments in the manner provided by law. Ex parte Russell, 29 Ala. 717; Ex parte Town of Roanoke, 117 Ala. 547, 23 So. 524; Ex parte Pearson, 76 Ala. 521; Ramagnano v. Crook, 88 Ala. 450, 7 So. 247; Christopher v. Stewart, 133 Ala. 348, 32 So. 11; Ex parte Giles, 133 Ala. 211, 32 So. 167; Ex parte Davis, 170 Ala. 114, 54 So. 164; Ex parte Alabama Textile Products Corp., 242 Ala. 609, 7 So. 2d 303, 141 A.L.R. 87; §§ 1072–1080, Title 7, Code 1940.

The law not only confers on this court the right to issue writs necessary to exercise general superintendence over inferior jurisdictions, but also confers on circuit courts the authority to exercise general superintendence over all inferior jurisdictions, § 126, Title 13, Code 1940, and circuit judges may issue writs of certiorari. § 182, Title 13, Code 1940.

■ Without expressing any opinion as to the merit of the petition, inasmuch as it contains one ground not dealt with in 6 Div. 153 and 6 Div. 154, or as to the appropriateness of the remedy, we deny the petition for writ of certiorari on the ground that petitioner should first have applied to the circuit court having jurisdicton. Ex parte Davis, supra.

The decree in 6 Div. 153 is affirmed.

The judgment in 6 Div. 154 is affirmed.

Petition for writ of certiorari in 6 Div. 159 is denied.

BROWN, FOSTER, and LIVINGSTON, JJ., concur.