76 So.2d 676

Charles S. BURT

v.

STATE ex rel. Arthur BURNS, as Solicitor.

7 Div. 189.

Supreme Court of Alabama.

Dec. 16, 1954.

Roy D. McCord and Rowan S. Bone, Gadsden, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for appellee.

LIVINGSTON, Chief Justice.

The State of Alabama, on the relation of Arthur Burns, Solicitor for the Sixteenth Judicial Circuit, filed a bill of complaint in the Circuit Court of Etowah County, in Equity, against Charles S. Burt and one 1948 model four-door Ford automobile. The bill is based upon Tit. 29, § 247, Code 1940, as amended by Act No. 129, Gen. Acts 1947, p. 39, which concerns seizure and condemnation of vehicles used in transportation of illegal liquors.

Respondent demurred to the bill. The demurrer being overruled, he then answered, denying each and every allegation in the complaint.

Notice having been given, complainant took testimony before the register of the court on July 22, 1952. Notice of application for final submission was served upon respondent's attorneys on September 29, 1952. Thereafter, on October 10, 1952, the trial judge ordered that 10:00 a. m., October 20, 1952, was set as the time for final submission of the cause. The note of submission, however, bears date of October 27, 1952.

For aught appearing from the record, no order of continuance was made on October 20, 1952. The record also fails to show that any further notice was given respondent as to any date for submission subsequent to that set for October 20, 1952. No agreement on the part of respondent or his attorneys concerning any such subsequent date for submission is found within the record.

The note of submission of October 27, 1952 is signed only by Solicitor Burns and by Mary Nell Thornton, Register. It is not signed by respondent or his attorneys.

From a final decree bearing date of October 27, 1952, condemning the automobile, this appeal is taken.

Brief for respondent, appellant, states affirmatively that "No order of continuance was made and without any further notice or agreement on the part of appellant or his attorneys, the cause was submitted on October 27, 1952." Further, it states that "The record does not disclose the fact that the attorneys for the appellant were present and ready to ask the court for additional time to take evidence on October 20, 1952, but the Solicitor was not present for said submission." Appellant claims that his attorneys were informed of the final decree after it was rendered.

Reversal is urged by respondent, appellant, for two reasons. First, appellant contends that the final decree of October 27, 1952, is based upon an illegal submission, contrary to our Equity Rules, and that, therefore, the decree itself is illegal and void. Secondly, appellant states that the lower court committed reversible error in overruling respondent's demurrer to the bill.

Equity Rule 57, Code 1940, Tit. 7 Appendix, states the following:

"Note of testimony for submission for final decree. A note of submission, signed by each party to the submission

or his attorney of record, showing the proof upon which he rests his case, shall be filed by the register at the time of a submission for a final decree; and nothing not noted on the note of submission shall be considered by the court. But it is not necessary to note any testimony given orally before the judge in open court under Rule 56. If in any case it becomes impracticable for such note of submission to be signed as above required, the register may make out and sign the note."

Also, Equity Rule 60 declares:

"Case may be set down on motion and notice. Whenever a cause is at issue, any plaintiff or any defendant may have the cause set down for final submission at such time and place in the circuit as the court or judge may determine. Notice of the application for setting the cause shall be given either by the sheriff or by the movant or his attorney of record to all parties against whom a decree pro confesso has not been lawfully rendered.

"And submission may also be had on demurrer, motion, or other pleading upon ten days' notice to the opposing party or parties. Such notice may be given either by the sheriff or by the movant or his attorney of record."

 We will first consider appellant's contention that the final decree is based upon an illegal submission.

In the case of McCary v. McCary, 253 Ala. 468, 45 So.2d 292, 293, Mr. Justice Stakely, speaking for the court, states:

"The last paragraph of Rule 60 constitutes the amendment of the rule adopted by this court on June 10, 1943. Before the adoption of the new equity rules, effective January 1, 1940, the substance of the amendment was contained in Equity Rule 74. Old Rule 74 was brought forward into the new rules which became effective on January 1, 1940. Ex parte Taylor, 247 Ala. 308, 24 So.2d 217. In West v. State ex rel. Matthews, 233 Ala. 588, 173 So. 46, this court in construing old Equity Rule 74 held that when there is nothing in the record which shows that the submission was not at a regular call of the equity docket, the presumption will be indulged that such was the fact. In Ex parte Robinson, 244 Ala. 313, 13 So.2d 402, this court considered the situation when there was no rule as to notice of submission on demurrer, since old Equity Rule 74 had ceased to exist and when, therefore, there was no express requirement of notice between sessions of court and again this court held that where there is nothing in the record to show that the submission was not at a regular call the presumption will be indulged that such was the fact.

"In construing Equity Rule 60 which is now in effect and also Local Rule 54, the same principle obtains which is set forth in the foregoing authorities. In other words, since there is nothing in the record which shows that the submission was not at a regular call (Equity Rule 61), the presumption will be indulged that such was the fact. Since no notice is required of a submission at the regular call of the docket, the record before us and on which we must act shows no error. If as a matter of fact the respondent or his attorney did not receive notice, motion could have been made to set aside the decree on that ground. West v. State ex rel. Matthews, supra."

In the case of West v. State ex rel. Matthews, 233 Ala. 588, 173 So. 46, 47, Mr. Justice Foster states this rule as follows:

"But, when there is nothing in the record which shows that the submission was not at a regular call of the equity docket, the presumption will be indulged that such was the fact. If the fact was to the contrary, a motion should be made to set aside the decree on that ground. On that hearing it may be shown that it was not at a call of the docket, and without ten days'

notice or consent of the parties. Hudson v. Hudson, 204 Ala. 75, 85 So. 282; Doty v. Pope, 213 Ala. 4, 101 So. 883; Pope v. Allinder, 219 Ala. 439, 122 So. 419. In respect to this contention there is nothing in the record on which it can be based."

 Appellant further contends that the submission was illegal because notice of submission was not signed by appellant or his counsel. Appellant had taken no testimony and the record fails to affirmatively show that he contemplated the taking of any testimony. The courts have often held in effect "No note of testimony, no testimony." Capps v. Norden, Ala.Sup., 75 So.2d 915 [1], and authorities cited therein. Complainant below, appellee here, took testimony, noted it in the note of submission, and signed the note of submission.

Under Rule 57, respondents who take no testimony are not required to sign the note of submission. In the event the appellant had taken testimony which through inadvertence or because of an illegal submission was not on a note of submission, his proper remedy would have been a motion in the court below to set the decree aside. West v. State ex rel. Matthews, supra; McCary v. McCary, supra.

 Appellant also contends that the trial court committed reversible error in overruling respondent's demurrer to the bill. This contention is based upon the fact that the bill of complaint merely alleges that "R. D. Goode and Charlie Owens, officers of Etowah County, Alabama," seized the automobile here involved. Tit. 29, § 247, supra, states that all vehicles used in the transportation of illegal liquors shall be "seized by any sheriff or any other person acting under authority of law in the enforcement of the prohibition laws * * *." Inasmuch as the bill fails to aver that R. D. Goode and Charlie Owens were law enforcement officers or deputy sheriffs at the time of the seizure, appellant insists that the bill was subject to demurrer, and the seizure, as averred, was illegal.

We need not decide whether the bill of complaint was defective for the reasons argued by appellant. Suffice it to say, that no specific ground of demurrer raised the point. Moreover, evidence submitted by the state, and presently before us in the record, plainly shows that R. D. Goode was Deputy Sheriff of Etowah County on December 25, 1951, the date of the seizure. Therefore, the defect, if any, which we do not decide, was clearly amendable. The grounds of demurrer being general rather than specific, did not raise the point in question, and, therefore, should have been overruled. .

We, therefore, conclude that the case is due to be, and is, affirmed.

Affirmed.

SIMPSON, GOODWYN and MAYFIELD, JJ., concur.