147 So.2d 816

**Janie M. RUCKMAN**

v.

**Peter S. RUCKMAN.**

I Div. 51.

Supreme Court of Alabama.

Dec. 20, 1962.

Jas. R. Owen, Bay Minette, for appellant.

Telfair J. Mashburn, Bay Minette, for appellee.

HARWOOD, Justice.

In the proceedings below Janie M. Ruckman filed a bill of divorcement setting up cruelty and abandonment as the grounds upon which she sought relief. The respondent, Peter S. Ruckman, filed an answer and cross bill by which he sought a divorce on the alleged abandonment of him by the complainant.

After a full hearing the court entered a decree denying Mrs. Ruckman's petition, and granting a divorce to the respondent upon his cross bill.

The decree further awarded the custody of the five minor children of the marriage to the complainant, Mrs. Ruckman, with the provision that the cross complainant, Mr. Ruckman, would have custody of the children from the 15th day of June to the 15th day of August each year and from the 26th day of December until the first Sunday in the following year of each year.

The decree further ordered the cross complainant to pay the sum of $125.00 per month for the support of the minor children except for the periods of time when they were in his custody.

The court further ordered that the respondent and cross complainant pay to the solicitors of record for the complainant a fee of $300.00, which the court determined to be a reasonable solicitor's fee.

The court further ordered that the Register sell certain real estate located in Baldwin County and owned by the complainant and cross complainant jointly, and which the court found could not be equitably divided, and after such sale that the Register report the sale of said property for further orders as to the division of the proceeds of said sale and the attorney's fees for the respondent-cross complainant.

In the proceedings below a large number of witnesses testified respectively as to the good character and reputation of the respective parties, and as to their fitness to have custody and control of the minor children.

Other than this character testimony the evidence as to the material allegations of the complainant and the cross complainant, was dependent upon the testimony of Mrs. Ruckman and Mr. Ruckman. Although Diane Ruckman, one of the children, gave testimony tending to corroborate portions of Mrs. Ruckman's testimony.

We have carefully read this record. We will not set out the testimony feeling that no useful purpose would be served thereby. We observe, however, that if the testimony of Mrs. Ruckman be believed she would be entitled to relief. On the other hand, if the testimony of Mr. Ruckman be believed then the complainant was not entitled to relief and he, as cross complainant, was so entitled. The trial judge who heard the testimony and saw the witnesses, with the exception of the testimony of Dr. McAdory whose deposition was read, saw fit to accept the testimony of Mr. Ruckman.

Dr. McAdory's testimony was based upon statements made to him by the complainant, and is therefore dependent upon the complainant's testimony. We are certainly not in position to say that the lower court erred in its conclusions and resolutions of the testimony. Elemental legal principles support the decree of the trial judge and we see no need to reiterate them in this opinion.

There is evidence in the record tending to show that the respondent's income was at one time around $6,500.00 per year. This was during the time he was engaged actively as an evangelistical minister. At the time of the suit he was pastor of a church in Brent near Pensacola, Florida, and his salary was $60.00 per week. While the amount allowed for the support of the children may seem small, we cannot say, in view of the respondent's income, that the trial court abused his discretion in fixing the support allowance for the children, and, since the court saw fit to render its decree in favor of the cross complainant on the grounds of abandonment of him by the complainant, it was within the discretion of the trial court as to whether alimony would be awarded to Mrs. Ruckman. Title 34, Section 33, Code of Alabama 1940.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.