221 So.2d 915

**Aline ROBERTS**

**v.**

**Lewie G. ROBERTS.**

**4 Div. 286.**

Supreme Court of Alabama.

Feb. 20, 1969.

Rehearing Denied May 1, 1969.

Farmer & Farmer, Dothan, for appellant.

W. G. Hardwick and Jere C. Segrest, Dothan, for appellee.

COLEMAN, Justice.

The wife appeals from a decree granting her an absolute divorce from the husband, awarding her custody of minor children, requiring the husband to make monthly payments for support of the minors and further to provide for them a college education, and awarding to the wife as alimony in bulk or permanent alimony the sum of twenty-five thousand dollars and the home and two acres of land on which it stands.

The wife asserts that the court erred in the awards for support of the children and permanent alimony to the wife in that the awards are not large enough in view of all the circumstances of the parties.

In 1962, the wife was awarded a divorce from bed and board, custody of children, and support and maintenance.

In 1963, she filed bill for divorce from the bonds of matrimony on the ground of cruelty. Final decree was rendered and filed in the office of the register on August 5, 1966. The decree is dated August 4, 1966. The wife filed motion for rehearing, which was overruled, and this appeal followed.

*Assignments 1 and 2.*

Complainant assigns for error that the court "erred in stating in the final decree that the cause had been submitted for final decree on July 7, 1966," and "in stating in said decree that it had been submitted at all for final decree." Complainant argues:

"There was, of course, no order made at the time for a submission. Neither party stated at the time that that was all the testimony that either had to offer. Neither side stated or otherwise indicated that it had rested.

"It is, therefore, the contention of the Appellant that at that point in the proceedings there was no basis for the statement in the Court's decree that a submission had been ordered."

Complainant appears to say that because there is in the record no showing that she had notice of submission for final decree, the decree ought to be reversed. The decree appealed from contains the following statement:

"The plaintiff's attorney made a demand that the testimony in this case be taken orally before the Judge of this

Court and filed said demand on April 19, 1966. On April 20, 1966, the Court, in conformity with said demand, issued an order that the said testimony should be taken on a day certain thereafter, which said date was continued by proper orders of the Court until the 7th day of July, 1966, at which time the testimony was so taken and the cause submitted for final decree thereon. . . ."

Complainant's argument has been answered by this court as follows:

". . . In West v. State, 233 Ala. 588, 173 So. 46, this court in construing old Equity Rule 74 held that when there is nothing in the record which shows that the submission was not at a regular call of the equity docket, the presumption will be indulged that such was the fact. In Ex parte Robinson, 244 Ala. 313, 13 So.2d 402, this court considered the situation when there was no rule as to notice of submission on demurrer, since old Equity Rule 74 had ceased to exist and when, therefore, there was no express requirement of notice between sessions of court and again this court held that where there is nothing in the record to show that the submission was not at a regular call the presumption will be indulged that such was the fact.

"In construing Equity Rule 60 which is now in effect and also Local Rule 54, the same principle obtains which is set forth in the foregoing authorities. In other words, since there is nothing in the record which shows that the submission was not at a regular call (Equity Rule 61), the presumption will be indulged that such was the fact. Since no notice is required of a submission at the regular call of the docket, the record before us and on which we must act shows no error. If as a matter of fact the respondent or his attorney did not receive notice, motion could have been made to set aside the decree on that ground. West v. State, supra." McCary v. McCary, 253 Ala. 468, 469, 470, 45 So.2d 292, 293.

See also: Burt v. State, 262 Ala. 22, 76 So.2d 676.

In Ex parte Robinson, supra, it is said that if a party is complaining of denial of motion to set aside decree on ground that movant had not had notice of submission:

". . . he can come to this court for mandamus on that account, but not otherwise." (244 Ala. at 317, 13 So.2d at 405)

We find no such motion in the record. For aught appearing therein, submission was at a regular call of the equity docket. No notice is required of a submission at such a call. McCary, supra. Assignments 1 and 2 are not sustained.

### Assignments 3, 5, and 6.

Complainant assigns for error that the court erred in denying her motion for a reference as filed on July 22, 1966; in not holding a reference to ascertain the current value of respondent's property; and "in not setting forth a current . . . summary of the current . . . assets . . . together with any debts or other liabilities owing by the Appellee, as a basis for any final order or decree in said cause."

Complainant filed her motion for taking testimony orally before the court and the court granted the motion as provided by Equity Rule 56. We do not understand complainant to insist that she was in anywise denied opportunity to present whatever evidence she desired at the oral hearing before the court.

As we have already stated, we presume on this record that the cause was submitted for decree on the merits on July 7, 1966.

On July 22, 1966, she filed her motion for a reference. This court has said:

"A reference is to aid the judge, and he may proceed with or without a reference, or after a reference adopt as much as he sees fit, or set it aside and act on

his own judgment. (Citations Omitted)" Hale v. Cox, 240 Ala. 622, 625, 200 So. 772, 775.

"We have held that a presiding judge in a court of equity is not bound to order a reference, and he may proceed without one. Hale v. Cox, 240 Ala. 622, 200 So. 772. In that case a reference was made which greatly aided this Court in reviewing the final decree." Stanley v. Beck, 242 Ala. 574, 576, 7 So.2d 276, 277.

■ Under these authorities, we are of opinion that we cannot reverse the trial court for failing or refusing to order a reference in the instant case.

We are not cited to any authority which requires the court, in a suit for divorce, to set out in the record a finding showing assets and liabilities of a husband. We do not understand that complainant's argument is to that effect. It appears that she is here reiterating her insistence that the court should have ordered a reference to take further testimony as to what was the husband's net worth. We have already undertaken to show why we hold that insistence not to show error.

## Assignment 4.

Assignment 4 recites:

"The Court committed error in awarding the sum of $50.00 per month merely and only for the support, maintenance and education of his minor son, Joel Roberts, so long as said son should remain a high school student."

Based on testimony of the husband's accountant, the husband's income, in round figures, for the last three years before the hearing in July, 1966, was as follows:

1963: gross income, $65,500.00; net farm income, $3,300.00; capital gain from timber sale, $11,000.00; and income for income tax purposes, $8,700.00.

1964: gross income, $63,000.00; net farm income, $13,800.00; capital gains, $4,700.00;

and income for income tax purposes, $6,200.00.

1965: gross income, $33,300.00; net farm income, $1,900.00; capital gains, $800.00; rental income, $2,750.00; and income for income tax purposes, $5,050.00.

Under Assignment 7 we discuss the land owned by the husband and his net worth.

In the final decree, the court ordered the husband to pay $50.00 per month for support of his son, Joel, and also $50.00 per month for the other minor son, Lewie, Jr. In addition, the husband is ordered to pay all medical, hospital, and dental expenses for both minor sons, and to provide for each of them a four-year college education. The court expressly retains jurisdiction of matters of the support, maintenance, and education of the minor sons.

The court saw and heard the witnesses testify. The litigation between husband and wife began in May, 1962. The trial court had conducted prior hearings and heard testimony as to the financial circumstances of the parties and their children at least once in 1963.

■■ It is established that, on review, the findings of the trial court without a jury, based on testimony heard ore tenus, will not be reversed unless plainly and palpably wrong. We are not persuaded on this record that the award of $50.00 per month for support of Joel Roberts is plainly and palpably wrong. If circumstances change so that the monthly award is insufficient, the wife may apply to the trial court for an increase.

## Assignments 7 and 8.

Assignment 7 recites:

"The Court erred in awarding to the Appellant the home of the parties at the time of their separation, together with two acres of land upon which the same is situated, and the sum of $25,000.00, merely and only, in satisfaction of her permanent alimony and dower rights in

**60**

and to the some three thousand acres of land owned by him, and his personal assets and other property holdings."

Assignment 8 asserts error in not awarding to the wife her inchoate right of dower in the lands of the husband.

The accountant testified that the husband owns 3,000 acres of land. The record contains a balance sheet dated June 30, 1966, and signed by the accountant showing the husband's assets, liabilities, and net worth. As we understand it, the lands are shown at the appraised value of $46,650.00; total assets, $85,998.85; liabilities, $18,690.-36; and net worth, $67,308.49.

There is in the record an appraisal dated February 7, 1963, showing the value of the husband's lands as $131,100.00. A balance sheet dated December 31, 1962, shows his net worth as $59,569.76. These papers appear to have been introduced at a prior hearing.

 While we might have arrived at a different result if we had been called on to make an original finding, we are of opinion that we cannot say the court was palpably wrong in awarding to the wife $25,000.00 in cash and the dwelling and two acres of land valued at $6,500.00.

*Assignment 9.*

The wife assigns that the court erred in overruling her application for rehearing.

"A decree or order denying an application for rehearing which does not modify the original decree will not support an appeal, Equity Rule 62, Code 1940; nor is such a decree subject to review on assignments of error on appeal from the final decree. N.A.A.C.P. v. State, 274 Ala. 544, 150 So.2d 677[13], and cases there cited. * * *" Sylvester v. Strickland, 278 Ala. 278, 280, 177 So.2d 905.

See also: Smith v. Bank of Blountsville, 262 Ala. 65, 77 So.2d 357; Ex parte Up-

church, 215 Ala. 610, 112 So. 202; and decisions there cited.

Clearly, Assignment 9 is without merit.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and BLOODWORTH, JJ., concur.