288 So.2d 794

Mary Joe CHANCELLOR

v.

James Cecil CHANCELLOR.

Civ. 216.

Court of Civil Appeals of Alabama.

Jan. 23, 1974.

Alice M. Meadows, Mobile, for appellant.

Horace Moon, Jr., Mobile, for appellee.

BRADLEY, Judge.

This appeal is from a final decree of divorce rendered by the Circuit Court of Mobile County, in Equity. A complaint was filed by appellant seeking a divorce on the grounds of cruelty and habitual drunkenness. It was later amended to replace the above grounds with an incompatibility ground. Appellee answered by filing a general denial, trial was had, and a decree rendered divorcing the parties, awarding custody of the children to appellant, giving her $300 per month as alimony and child support, making a property settlement between the parties, and assessing a reasonable attorney's fee for appellant's counsel.

Appellant's first contention is that the $300 per month as alimony and child support is inadequate. It is axiomatic in divorce cases that where the evidence is heard ore tenus by the trial court, its findings are presumed correct and will not be overturned without a showing of an abuse of discretion. Roberts v. Roberts, 284 Ala. 55, 221 So.2d 915. This rule has particular application as regards the award of alimony. Maddox v. Maddox, 276 Ala. 197, 160 So.2d 481. Of course, the discretion being discussed is judicial discretion, not arbitrary discretion. Sharp v. Sharp, 230 Ala. 539, 161 So. 709.

To guide the trial court in its determination of whether to award alimony and, if so, how much, the Supreme Court has established certain criteria, which are: (1) the earning ability of the parties; (2) their future prospects; (3) their age, sex, health, and station in life; (4) the duration of the marriage; and (5) the conduct of the parties as relates to the cause of divorce. Davis v. Davis, 274 Ala. 277, 147 So.2d 826.

Applying these guidelines to the facts in the present case, we see the husband has take-home pay of about $900 a month, with good prospects that this amount will increase in the future, good health, and a going, productive business; whereas the wife has no income and no prospects for earning any money. She is trained as a keypunch operator, but due to disabling injuries suffered in an automobile accident, she is unable to work at that job and does not know when she will be able to undertake such employment.

The marriage lasted about eighteen years, and four children resulted, all of

whom are living. The custody of the children was given to the wife.

The $300 per month award made to the wife was for alimony and child support. However, in the property settlement the wife was given the homeplace and all of the furnishings therein, but she was required to make the payments on a $14,000 mortgage of $105 per month.

In order to have a place for the five of them to live, she will have to make the mortgage payments, which will leave only $195 per month to feed five people, clothe them, pay their school expenses, doctor and dental bills, utilities and miscellaneous expenses. On the other side of the ledger, the husband is left with $600 or more a month to take care of one person. This arrangement strikes us as being very much out of balance for the reason that we believe that one person can live on less income than can five people.

Consequently, we conclude that the trial court abused its discretion in its award of $300 per month for alimony and child support, and that aspect of the decree must be reversed.

█ Appellant also contends that the trial court erred in its division of the property owned by the parties. As previously stated, the court awarded the homeplace, which had a market value estimated at $30,000, subject to a $14,000 mortgage, to appellant. The husband was awarded a parcel of property located in Mobile which had an equity of approximately $4,000, forty acres of timberland in Mississippi with a worth of about $7,000, and five acres in Laurel, Mississippi valued at $2,500. The business, which the husband was operating, was also awarded to him. The value of the business was in the neighborhood of $10,000–$12,000. The husband received a 1968 automobile and the wife a 1963 automobile. All of the household furnishings went to the wife.

After a careful review of this evidence, we are unable to say that the trial court abused its discretion in the property division, which we would have to do in order to reverse this aspect of the decree in question.

The appellant also contends that the trial court erroneously decreed that:

" . . . both parties are entitled to relief, and that the bonds of matrimony heretofore existing between the Complainant and the Respondent be and the same are henceforth dissolved,"

for the reason that the husband requested no relief.

The pleadings filed in the case show that the wife sought a divorce on the ground of incompatibility and the husband answered by making a general denial. He did not file any pleading seeking affirmative relief; yet the trial court stated in its decree that, "both parties were entitled to relief."

In Phillips v. Phillips, 49 Ala.App. 514, 274 So.2d 71, cert. den. 290 Ala. 370, 274 So.2d 80, which was a divorce case involving the ground of incompatibility, this court said:

"Incompatibility of temperament is antagonistic to the concept of fault or wrongdoing as a ground for divorce.

"Incompatibility of temperament necessarily involves both parties. While one spouse may have a more normal temperament than the other and the overt acts evidencing incompatibility may come largely from the other spouse, it is inconceivable that a husband's temperament can be compatible with that of his wife if hers is incompatible with his.

"If there is a clash of personalities, both must clash. The negative attitude of one may bring into expression the affirmative conduct of the other. Where incompatibility is the ground for divorce, fault should recede into the background and be superseded by the inquiry into the suitability of the spouses for each other as shown by the reality of their marital

**14**

life. Burch v. Burch [3 Cir., 195 F.2d 799], supra; Shearer v. Shearer, 3 Cir., 356 F.2d 391 (1965) [dissenting opinion].

"We therefore hold that either spouse may bring a divorce in Alabama on the ground of incompatibility of temperament, Tit. 34, § 20, Code of Alabama 1940, and may secure a divorce upon such ground without proving that the other spouse is in any way guilty of misconduct or is responsible for, or that his or her conduct or actions created such state of incompatibility."

■ The decree in a divorce case on the ground of incompatibility has the effect mainly of dissolving the marriage ties, not because, necessarily, of fault of one party or the other, but usually for the reason that the marriage has died and the parties no longer can live together in peace and happiness. In the sense that each party is divorced when the marriage is dissolved, the trial court did give relief to both parties to this proceeding. Hence, we conclude that the trial court's statement that "both parties were entitled to relief," if error—which we do not concede—is error without injury. Supreme Court Rule 45.

■ Appellant has petitioned this court for an award of a reasonable attorney's fee for the representation she has received in presenting this appeal. This court has the power to award a reasonable attorney's fee, Welch v. Welch, 49 Ala.App. 647, 275 So.2d 162, and we consider $250 to be a reasonable fee in this case. It is so awarded.

For the error hereinbefore pointed out, this case is reversed and a decree rendered requiring the appellee to make monthly payments of $450 for alimony and child support, which we consider to be a reasonable sum based on the facts of this case.

Affirmed in part, and reversed and rendered in part.

WRIGHT, P. J., and HOLMES, J., concur.