306 So.2d 23

Eugene A. COLOMBARO

v.

Carol Ann COLOMBARO.

Civ. 430.

Court of Civil Appeals of Alabama.

Jan. 8, 1975.

Owen & Ball, Bay Minette, for appellant.

Arthur C. Epperson, Foley, for appellee.

BRADLEY, Judge.

On July 3, 1974 the Circuit Court of Baldwin County rendered a decree divorcing the parties to this proceeding, awarding custody of two minor children to appellee, granting support for the two minors in the amount of $400 per month, and granting to appellee the jointly owned residence along with all the furniture and furnishings as alimony in gross. From that aspect of the decree awarding child support and alimony in gross, appellant takes this appeal. He contends in brief that both are excessive and as a consequence the trial court abused its discretion, thereby warranting a reversal of the case.

The facts show that appellant is a staff sergeant in the U. S. Marine Corps stationed at the Pensacola Naval Air Station. He has fourteen years in the service and at the time of the divorce proceeding was earning, according to his testimony, $750 per month. According to appellee's testimony, appellant was earning around $900 a month.

The parties were married in Andalusia, Alabama in 1961 and have two children, one girl eleven years old and one boy nine years old.

Appellee testified that appellant had physically assaulted her on numerous occasions, the latest assault being on May 10, 1974.

Sometime prior to the judgment in this case, appellant sold his Mercedes Benz automobile for $4,765, thereby eliminating a $243 monthly payment he was making out of his salary. His other obligations were listed as $75 per month to the Federal Credit Union, $35 per month to W. T. Grant on a $400 bill for a mini-bike and clothing for the children, $10 a month to another store for clothing, and $30 a month to the U. S. Government for a $1,000 salary overpayment.

The parties jointly own a house in Lillian, Alabama which cost $16,600 and on which a payment of $180 per month is made. Utilities run from $25 to $35 per month. Appellant stated that he had an equity in the house of more than $5,000.

The trial court awarded appellee appellant's interest in the house and the furniture and furnishings with the stipulation that she was obligated to pay off the loan on the house. She was also awarded the title to a 1970 Ford Maverick automobile but was required to assume the $75 monthly payments on it. There are twelve payments due. She was also awarded $400 per month child support for the two minor children.

 The amount of alimony and child support is a matter that addresses itself to the trial court's discretion and will not be revised on appeal except for an abuse of that discretion. Maddox v. Maddox, 276 Ala. 197, 160 So.2d 481; Ruckman v. Ruckman, 274 Ala. 266, 147 So.2d 816. We find no abuse of that discretion in the instant case.

The evidence shows that the divorce was granted to the wife for the cruelty of the husband; that the wife finished high school but failed in her attempts to complete secretarial and computor programming schools; she tried working as a barmaid and waitress but could not stand on her feet long enough to keep a steady job; she has a congential defect in her spine; she is presently employed as an employment counselor where she earns an average of $65 a week. She was awarded custody of the two minor children and $400 a month for their support. Out of her earnings and the support money, she must pay the $180 loan payment on the house where she and the children live, and she must make the $75 a month payment on her car. The rest of the money, i. e., about $400 a month, will be used for food, clothing and other expenses. Medical and dental needs of the children will be furnished by the U. S. Marine Corps.

The husband earns somewhere between $750 and $900 a month from the Marine Corps. His monthly obligations, after taxes and Social Security, are about $75 per

month. The net income remaining to him for living expenses is around $325 per month.

We conclude that the evidence adduced in this case fully supports the judgment of the trial court, and the awards for alimony and child support were not excessive. Ruckman v. Ruckman, *supra*; King v. King, 269 Ala. 468, 114 So.2d 145.

The attorney for the appellee was awarded $250 for his services in the trial court and has here requested a reasonable attorney's fee for his services in defending this appeal.

The allowance of an attorney's fee for services rendered by appellee's lawyer in the present appeal is within the sound discretion of this court. Shell v. Shell, 48 Ala.App. 668, 267 So.2d 461. Appellee's counsel suggests $150 as a reasonable fee for his services, and we agree. Appellant is hereby directed to pay $150 to appellee for her attorney's services on this appeal.

Attorney's fee on appeal awarded; affirmed.

WRIGHT, P. J., and HOLMES, J., concur.