328 So.2d 309

**Annie Laura SCARBROUGH**

v.

**Norman D. SCARBROUGH.**

**Civ. 729.**

Court of Civil Appeals of Alabama.

Feb. 25, 1976.

J. Richmond Pearson, Chatom, for appellant.

**308**

Edward P. Turner, Jr., and C. Robert Land, Chatom, for appellee.

HOLMES, Judge.

This is a divorce case. The Circuit Court of Washington County divorced the parties on petition of appellant-wife, and granted her alimony in gross of $12,000. The wife appeals from that judgment.

The issues for our determination are whether the trial court abused its discretion in its award of alimony and its refusal to award the wife attorney's fees.

The tendencies of the evidence as revealed by the record are as follows:

The parties were married in 1956 and separated in 1974. At the time of trial they had been married approximately eighteen years. Two children were born of the marriage. Their custody is not an issue on this appeal due to the fact that the parties agreed in that respect to abide by the wishes of the children, who elected to remain with the father.

The husband owns 320 acres of land deeded to him by his parents in 1961. Approximately $10,000 of indebtedness on this land was paid off by the parties. The husband testified that the present value of the land was $100 an acre, while the wife testified that its present value was $350 an acre. Other testimony showed that 40 acres of the land in question had been sold for $125 an acre in 1961.

The parties' homeplace, situated on the above mentioned land, was built for $14,000. The wife testified its current value was $20,000. The amount outstanding of a mortgage executed on the homeplace is $6,700.

The parties had accumulated some $1,300 in various bank accounts. There was also a herd of thirty to fifty cattle which the husband had sold or given to his sons after the parties separated, and which were valued by him at $100 apiece. Finally, the

husband owned farm equipment of an undetermined valuation, and the parties had accumulated various items of personal property, also of indeterminate value.

Both parties worked during the marriage. The husband worked at different jobs and farmed. He now earns $120 a week at a job in addition to his farming. The wife worked for 12 years, and currently earns some $460 monthly. Apparently, during the marriage, the husband paid for the indebtedness against the land mentioned earlier; the farming operation; the payments on the homeplace; and some living expenses. The wife paid for certain living expenses and contributed to making house payments.

As noted previously, the trial judge upon granting appellant-wife a divorce, awarded her $12,000 as alimony in gross and denied her attorney's fees.

■ It is appropriate at this point to state the well-established propositions that an award of alimony must be based upon the particular facts of the individual case, *Hutton v. Hutton*, 284 Ala. 91, 222 So.2d 348, and that the granting of such award is within the sound discretion of the trial court. *Colombaro v. Colombaro*, 54 Ala. App. 157, 306 So.2d 23. Furthermore, when the evidence in a divorce case is heard *ore tenus*, the findings of the trial court are presumed correct and will not be disturbed without a clear showing of an abuse of discretion and this has particular applicability to an award of alimony. *Chancellor v. Chancellor*, 52 Ala.App. 10, 288 So.2d 794.

■ In the instant case, the trial court could reasonably have found the value of the estate accumulated by the parties to be approximately $60,000. The $12,000 award of alimony in gross thus represents approximately 20% of the estate. An award

of permanent alimony usually varies from one-half to one-third of the husband's estate, although there is no fixed rule. *Watson v. Watson*, 45 Ala.App. 306, 229 So.2d 807.

As set out earlier, the record tends to show that the wife is gainfully employed, while the husband earns $120 per week at his job and needs his land to carry on his farming operations. Additionally, the husband has custody of the two minor sons of the marriage, whom he must provide for.

In view of these facts, and the aforesaid presumptions applicable to divorce cases, we are not persuaded that the trial court has committed error to reversal by its award of $12,000 alimony in gross. While this court may not have taken the same action on the instant set of facts as did the trial judge, we cannot substitute our judgment for his. We reverse only for palpable abuse of discretion, *Chancellor v. Chancellor, supra*, and such is not the case here.

■ The appellant-wife's final contention is that the trial judge abused his discretion by refusing to grant her attorney's fees. However, there is no evidence in the record as to the reasonable value of appellant's attorney's services or her inability to pay therefor. As such, the trial judge cannot be placed in error for his refusal to grant appellant-wife attorney's fees. *Ledyard v. Ledyard*, 46 Ala.App. 27, 237 So.2d 511.

All issues presented having been considered, and there being no error in the record, the case is due to be and accordingly is affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.